[Clark v. Zeigler.]

# Clark *v.* Zeigler.

*Action for Breach of Covenant of Warranty to Land.*

1. *Measure of damages for breach of covenant, or warranty of title.*—In ordinary cases, the measure of damages which the purchaser is entitled to recover, on account of a breach of covenant of seizin, or warranty of title, is the purchase-money paid, with interest and costs of suit; but this rule does not apply to a sale of chattels, nor to cases of fraud, nor to a breach of covenant by a lessor to put the lessee in possession.

2. *Same, in case of incumbrance.*—When there is no failure of title to any part of the land, but an incumbrance on a portion of the tract, created by a prior conveyance of the right to enter and cut all the "saw-timber," the measure of damages is the diminished value of the entire tract, not exceeding the entire purchase-money paid, with interest.

3. *Value of trees cut, as proof of diminished value of land.*—In such action, the value of the trees cut under this prior license would be competent evidence, as relevant to the inquiry as to the value of such license, "because this would largely govern the extent of the diminution in value of the land;" but the value of the trees cut would not necessarily be the same as the diminished value of the land.

Appeal from the Circuit Court of Montgomery.

Tried before the Hon. John P. Hubbard.

This action was brought by Henry S. Zeigler, against Henry C. Clark, to recover damages for a breach of the covenants of warranty contained in a deed to a tract of land, which said Clark had sold and conveyed to the plaintiff; and was commenced on the 25th October, 1884. Clark's deed to the plaintiff, which was dated October 10th, 1883, and recited the payment of $400 as its consideration, conveyed a tract of land containing 320 acres, using the words "grant, bargain and sell," and containing a clause in these words: "And I, the said H. W. Clark, do covenant with the said Zeigler to warrant and defend the same against the claims and demands of all persons." On the 6th December, 1880, Clark had sold and conveyed by deed to one W. W. Wadsworth, in consideration of $1,250 in hand paid, "all the saw-timber" on a large tract of land, embracing forty acres of the tract afterwards sold to Zeigler, giving him the right to enter, and allowing him three years within which to cut and remove the timber; and Wadsworth entered under this license, and cut and removed about 320 trees, after the sale to Clark. The plaintiff, testifying as a witness for himself, stated that the trees cut were worth one dollar each; that the forty acres of land was worth, before the trees were cut from it, about $2.50 per acre, and not worth

25 cents per acre after the trees were cut; and other witnesses introduced by him testified, that the land was worth about one dollar per acre, and the trees about 50 cents each. The defendant objected to the admission of the evidence as to the number and value of the trees cut, and excepted to the overruling of his objections.

The court charged the jury, among other things, "that if the time within which Wadsworth was to remove the timber had not expired at the time of the execution of defendant's deed to plaintiff, then there was a breach of the warranty contained in the plaintiff's deed, and he would be entitled to recover; that it was for them to say what damages he was entitled to recover, but in no event could the damages exceed the purchase-money for the whole tract; that in arriving at the damages to which the plaintiff was entitled, the jury could consider the difference between the value of the land from which the timber was cut, before the timber was cut, and its value afterwards, and the difference between these values, with interest, would be the damages he was entitled to recover, provided it did not exceed the entire purchase-money; that in estimating the difference in value, they were not to consider the value of the trees cut; that the difference in the value of the land at the two times was the measure of the plaintiff's recovery." And the court further charged the jury, on the request of the plaintiff, "that if the proof showed a breach of the warranty contained in Clark's deed to Zeigler, then plaintiff is entitled to recover the amount of injury he has sustained by that breach;" also, "that if there was a breach of said warranty, and Wadsworth cut timber from the land after the date of Clark's deed to Zeigler, then the plaintiff was entitled to recover the value of such timber trees so cut, provided it did not exceed the whole purchase-money of the land."

The defendant duly excepted to each of these charges as given, and also to the refusal of the following charges, which were asked by him in writing: (1.) "In case of a failure of title to a part of the land conveyed, the measure of damages is the proportionate value of that part as compared with the whole tract." (2.) "There is no failure of title shown, except as to the timber standing on the 40 acres; and the damages can not exceed the value of the timber cut and removed by Wadsworth, as compared with the value of the whole land, and the value of the whole land." (3.) "In considering the value of the land, the consideration paid by Zeigler to Clark is to be taken by the jury as the value." (4.) "The measure of damages for the breach of covenant against incumbrances can not exceed the amount of the incumbrance, provided the incumbrance is less than the consideration paid; and in no case

[Clark v. Zeigler.]

can the damages exceed the purchase-money, with interest." (5.) "The measure of damages, on breaches of covenants of warranty in the sales of personal property, does not apply to real property ; but, in these cases, the measure of damages for a breach of covenant of warranty can not exceed the amount of the purchase-money, with interest." (6.) "The measure of damages for a breach of warranty of title to real estate, either by failure of title to a part thereof, or because of incumbrance, is that part of the purchase-price which bears to the whole the same proportion that the value of the part of the estate, as to which the title has failed, or the amount of the incumbrance, bears to the value of the whole estate, if the estate exceeds in value the purchase-price."

The admission of the evidence objected to, the charges given, and the refusal of the charges asked, are now assigned as error.

TROY, TOMPKINS & LONDON, for the appellant, cited Sedgwick on Measure of Damages, 170–71 ; 2 South. Damages, 276–78 ; *Morris v. Phelps*, 5 John. 49 ; *Ela v. Card*, 2 N. H. 175, or 9 Amer. Dec. 46 ; *Cushman v. Blanchard*, 2 Greenl. 266, or 11 Amer. Dec. 76 ; *Bibb v. Freeman*, 59 Ala. 612 ; *Kingsbury v. Milner*, 69 Ala. 502.

WATTS & SON, *contra*, cited *Cathcart v. Bowman*, 5 Penn. St. 217 ; *Sparr v. Andrew*, 6 Allen, 420 ; *Knowles v. Sharp*, 36 Iowa, 232 ; *Willis v. Dudley*, 10 Ala. 933 ; *King's Adm'r v. Reynolds*, at the present term.

SOMERVILLE, J.—The question for decision is as to the correct rule for the measure of damages in an action on a covenant of warranty, when only a certain portion of the land covered by the warranty is subject to incumbrance. In October, 1883, the defendant, Clark, conveyed to the plaintiff, Zeigler, three hundred and twenty acres of land, with warranty of title. At the time of this conveyance, forty acres of the tract were subject to an incumbrance which defendant had created, several years previous, in favor of Wadsworth, by conveying to him the right to enter and cut all of the "sawtimber" on this particular forty acres. Under this license, Wadsworth entered, and cut over three hundred trees, while the plaintiff was in possession, and against his objection.

If there had been a failure of title to the whole tract of three hundred and twenty acres, resulting in an eviction of the vendee, who is here the plaintiff, the measure of damages, in an action based on the broken covenant of warranty, would be the purchase-money, or original consideration, with interest

[Clark v. Zeigler.]

and the costs of the ejectment suit added.—*Kingsbury. v. Milner*, 69 Ala. 502. Our decisions, like those of many of the other States, have made no distinction between covenants of seizin, or of title, and covenants of warranty—the rule in each being the same.—*Bibb v. Freeman*, 59 Ala. 612. In some States, the measure of damages has been held to be the value of the land at the time of the conveyance, with interest, whether this sum be either more or less than the actual purchase-money; and in others, the full value at the time of eviction, whatever may have been its appreciation or depreciation. The weight of authority is conceived to be favorable to the rule adopted in our more recent decisions, limiting, in ordinary cases, the right of recovery to the purchase-money, with interest and the costs of suit.—2 Greenl. Ev. § 264; 2 Parsons Contr. 225, *note* (n). The justice of this rule seems to consist in the protection afforded the covenantor against any rapid increase in value of the lands, by reason of the discovery of mineral wealth, or from other accidental causes, and the loss he might sustain, amounting in many instances to absolute ruin, by the erection of expensive improvements by the vendee on the purchased premises. Its injustice consists in the fact, that it fails frequently to indemnify the covenantee against the actual damages which he has sustained by the breach of covenant, and following as the apparent natural and proximate consequence.

For the latter reason, the courts have seen fit to limit the principle, so as to make it applicable only to real estate, and not to the sale of chattels. In some instances, and with much reason, cases have been excepted from its operation, where the vendor has acted with fraud, or in bad faith, or even knew that he had no title at the time of his sale, or agreement to sell; a distinction being made between his inability to make a good title, and his sheer refusal.—2 Add. Contr. (Morgan's Ed.) § 529; 3 Parsons Contr. 230; *Pinkston v. Huie*, 9 Ala. 252. In *Snodgrass v. Reynolds*, decided at the present term, we declined to apply this general rule, in an action by a lessee against a lessor for breach of covenant to put the plaintiff in possession, the measure of recovery in such case being held to be the value of the lease or term.

Here, however, there is no failure of title to the whole tract, which was the subject of sale, and no eviction of the vendee as to any portion of it. There is only a partial defect of title as to forty acres, or about one-eighth fractional part of the whole. It is well settled, where there is an entire failure of title as to any fractional part of a tract sold, the recovery for this defect will be in proportion to the *value* of this part, and not to its mere area or quantity. As said by Chancellor KENT,

[Clark v. Zeigler.]

in *Morris v. Phelps*, 5 Johns. 49, "the law will apportion the damages to the measure of value between the land lost and the land preserved." In ascertaining such proportion, it was held in *Bibb v. Freeman*, 59 Ala. 612, 619, that the whole tract should be rated at its cost value—the original purchase-money. The calculation would be an easy one of arithmetical proportion. The damages for an entire failure of title to forty acres, of a tract of three hundred and twenty acres, for example, would be an amount which would bear the same arithmetical proportion towards the purchase-money, as the real value of the forty acres would to the real value of the entire tract of three hundred and twenty acres.

The principle is not of easy or convenient application, where there is a mere incumbrance on a part of the land, without failure of title *in toto* as to such part. The purpose of all damages, not exemplary or punitive, is compensation, or recompense, for the injury actually suffered by the plaintiff. The damage here suffered, and for which a recovery should be allowed, is the diminished value of the whole tract of land, the title of which the defendant warranted, by reason of the incumbrance; or, in other words, the difference between the value of the whole tract, if the title were good, and its value as depreciated by the incumbrance. This rule had been recognized as far back as *Gray v. Briscoe*, Noy's R. 142, where a copyhold estate had been sold as a freehold, with a covenant that the vendor was seized in fee. The measure of damages, on suit by the covenantee, was held to be the difference between the value of a freehold and a copyhold estate. So, in *Bronson v. Coffin*, 108 Mass. 175 (s. c., 11 Amer. Rep. 335), where land was incumbered by a perpetual obligation, in the nature of an easement, by which the owner was always to maintain a fence adjacent to a railroad running through his farm, the proper measure of damages for breach of covenant against incumbrances was held to be a just compensation for the real injury resulting from such incumbrance, estimated by the difference in the fair market value of the estate by reason of the existence of such defect of title. A sufficient protection is afforded the vendor, by restricting the amount of damages allowed to be recovered to the entire purchase-money, with interest. We readily preceive, that a strong argument can be made in favor of the view, that the recovery ought to be limited to the amount which would have been recovered, if the entire title of the incumbered portion had failed; for it would seem, in this case, that the plaintiff ought not to recover more damages for the sale by the defendant of the timber on the forty acres, than he would for the sale of the fee-simple interest in it. So, on the other hand, it could be urged

[Bibb v. Hunter.]

with equal force, that the damage would be the same, ordinarily, whether the trees were cut from a part of the land, or miscellaneously from all parts, provided the number and kind of trees cut were in each case the same. Making choice between two difficulties, we prefer to adopt the simpler and more convenient rule, which, as we have said, is to compensate the plaintiff for the estimated diminution in value of his entire tract of land, by reason of the incumbrance, from the time of the breach of covenant, with interest and costs of suit, not, however, to exceed the purchase-money paid for the whole tract, with interest. If the grantee had paid off, or rather purchased in this incumbrance, he would have been entitled to recover of the grantor what he had reasonably expended in thus discharging it, at least to an amount not exceeding the purchase or consideration money and interest.—3 Parsons Contr. 228, note (u); 4 Kent's Com. 476; *Dimmick v. Lockwood*, 10 Wend. 142. And this sum would seem to be a close approximation, if not a just measure of the diminished value of the premises, because it was the cost of making the title what it would have been had there been no incumbrance.

The value of the trees cut would be admissible in evidence, as relevant to the inquiry as to what was the value of the license conferred on Wadsworth, because this would largely govern the extent of the diminution in value of the land. But the value of these trees would not necessarily be the same as the diminished value. Cases may be supposed where the clearing of land by cutting trees from it would appreciate its value, the labor of clearing fully setting off the value of the timber.

It is manifest that the rulings of the court below conflicted with these principles, and the judgment must be reversed, and the cause remanded.