# Clark *v.* Zeigler.

*Action for Breach of Covenant of Warranty to Land.*

1. *Measure of damages to purchaser, on account of incumbrance on land.*—When there is no failure of title to any part of the land sold and conveyed, but an incumbrance on a portion of the tract, created by a prior grant of the right to enter and cut timber, the measure of damages to the purchaser is the diminished value of the entire tract, but not exceeding the purchase-money paid, with interest.

2. *Same; evidence as to the value of trees cut under license.*—The number and value of the trees cut under this prior license, on the portion of the tract covered by it, would be competent evidence for the purchaser, as relevant to the question of the diminished value of the tract caused by the license; but this principle does not extend to trees cut on other portions of the land, as to which the licensee would be liable as a trespasser, either to the vendor or the purchaser, as they were cut before or after the sale and conveyance.

3. *Proof of value of lands.*—A witness can not be asked, as tending to prove the value of the particular land involved in the suit, what good farming land in the neighborhood was worth.

4. *Same; cross-examination of witness.*—Plaintiff having testified, in his own behalf, that the land, without the timber, was worth only ten cents per acre, may be asked, on cross-examination, if he had not been offered one dollar per acre for it.

[Clark v. Zeigler.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Henry S. Zeigler against Henry W. Clark, to recover damages for an alleged breach of the covenants of warranty contained in a deed to a tract of land, which defendant had sold and conveyed to plaintiff. The deed was dated October 10th, 1883, recited the payment of $400 as its consideration, conveyed a tract of land containing 320 acres, and contained a warranty in these words: "And I, the said H. W. Clark, do covenant with the said Zeigler to warrant and defend the same against the claims and demands of all persons." The action was commenced on the 25th October, 1884. The alleged breach of warranty was, that defendant had sold and conveyed to W. W. Wadsworth, by deed dated December 6th, 1880, "all the saw-timber" on forty acres of the tract, giving him the right to enter, cut, and remove the trees, until December 6th, 1883; and that Wadsworth had entered under this license, or grant, and cut and removed a great many trees. The record does not show what pleas were filed. On the first trial, the plaintiff recovered a verdict and judgment, under the rulings of the court; but the judgment was reversed by this court on appeal, and the cause remanded.—*Clark v. Zeigler*, 79 Ala. 346. On the second trial, as shown by the present record, all the questions reserved by exception, and here presented for revision by the assignments of error, arose on the rulings of the court on the admissibility of evidence; and of these it is only necessary to notice the following.

Plaintiff, testifying as a witness for himself, was asked by his counsel, "What was the tract of land worth, with Wadsworth's incumbrance on it?" The defendant objected to this question, and duly excepted to the overruling of his objection. Witness then answered, that it was worth ten cents per acre; and he further testified, that Wadsworth cut and removed, under his contract or license, 327 trees worth one dollar each, and 461 trees from other parts of the land. Defendant's counsel then asked him, what all the trees (788) were worth. The court sustained an objection to this question, and the defendant excepted. Defendant's counsel asked said witness, also, "if he ever had any offer for the land since the timber was cut off"; and, "if he had not been offered one dollar per acre for the land since the timber was cut off." The court sustained an objection to each of these questions, and the defendant excepted. One Estes, a witness for plain-

[Clark v. Zeigler.]

tiff, was asked by him, "What was the tract of land worth in 1883?" The defendant objected to this question, and excepted to the overruling· of his objection. This witness having testified "that the land conveyed by Clark to Zeigler was all pretty much of the same quality, and about half of it was good farming land," he was asked by defendant, "What was good farming land worth per acre in that section in the fall of 1883?" The court sustained an objection to this question, and the defendant excepted. These rulings, with others not particularly noticed by this court, are now assigned as error.

TROY, TOMPKINS & LONDON, for appellant.—As to the measure of damages recoverable in a case like this, the court is asked to review and modify its former decision. Under that rule, on the second trial, the plaintiff was allowed to recover, as damages, four-fiths of the entire consideration paid, for an incumbrance on one-eight part of the land; and if the incumbrance had been a mortgage for $1,000, he would have been entitled to recover more than twice the entire purchase-money paid. The rule, it is submitted, is unfair, unjust, and contrary to the general principle which regulates the measure of damages; and that the damages should have been limited to the diminished value of the forty acres, not exceeding its proportionate part of the purchase-money paid.—*Dimmick v. Rockwood,* 10 Wend. 142; *Foote v. Burnett,* 10 Ohio, 334; *Miller v. H. & C. Company,* 41 Conn. 130; 2 South. Damages, 294, 275; Sedgw. Measure of Damages, 107, marg., *Morrison v. Underwood,* 20 N. H. 369. As to the several rulings of the court on evidence, as affected by the measure of damages, see, also, *Baxter v. Ryers,* 13 Barb. 282; *Liffingwell v. Elliott,* 10 Pick. 204; *Brooks v. Moody,* 20 Pick. 474; *Cornell v. Jackson,* 3 Cush. 506.

WATTS & SON, contra, cited *Clark v. Zeigler,* 79 Ala. 346; *Spira v. Stapleton,* 38 Ala. 171; 1 Greenl. Ev., § 52.

SOMERVILLE, J.—When this case was last before us, we held that the measure of the plaintiff's damages, for the alleged breach of the defendant's covenant of warranty, would be the diminished value of the whole tract of land by reason of the incumbrance created in favor of Wadsworth; or, in other words, the difference between the value of the whole tract, if the title were good, and its value as depreciated by

the incumbrance.—*Clark v. Zeigler*, 79 Ala. 346.　To this rule we adhere, not on the ground that its application will work exact justice in all cases, but it seems to go as far in that direction as is practicable from the application of settled principles of law relating to cases of this nature.—*Chipman v. Hibberd*, 6 Cal. 162.

So, we held that the value of the trees cut by Wadsworth from the incumbered portion of the land, under his license, would be admissible as a fact relevant to show what damage was occasioned by this incumbrance.

The rulings of the Circuit Court are in accord with these principles.　It was permissible to prove how many trees Wadsworth cut, under the contract, from the forty-acre tract covered by the incumbrance complained of, and also their value, but not the number or value of trees cut from the other part of the land.　As to these trees he was a trespasser, and would be liable to Clark as such, if they were cut prior to October 10th, 1883, the date of Clark's deed to Zeigler; or to Zeigler himself, if cut after that date.　Their value was foreign to any issue involved in this case.

The court properly refused to allow the witness Estes to be asked, what good farming land was worth in the neighborhood of the land in controversy.　This question would necessarily raise a further inquiry, involving a comparison between the relative merits of these and the other neighboring lands referred to, which would tend to draw away the minds of the jurors from the true point in issue, and thus mislead them.

The court erred, however, in refusing to allow the plaintiff to be asked, on cross-examination, whether he had not been offered as much as one dollar per acre for the land, which he had testified was worth only ten cents per acre.　Whether it be permissible to prove the value of the property by showing that a solvent person had made a *bona fide* offer of a certain sum for it, is not the precise point of inquiry presented by the case before us.　The question here is one propounded on cross-examination, where the range of inquiry is of greater latitude.　The testimony of the witness as to value was a mere matter of opinion, liable to be influenced by prejudice in his own behalf.　The inquiry has a tendency to test the extent of this bias of the witness, and should have been allowed for this purpose at least.　If such an offer had been made, and refused without a sufficient excuse, it would tend to impeach the fairness of the witness' depreciated esti-

[Tuskaloosa Cotton-Seed Oil Co. v. Perry.]

mate of value placed on the land, and to call for some explanation of the reasons upon which it was founded.

We have examined the other rulings objected to, and find them to be free from error.

Reversed and remanded.