# Copeland *et al. v.* McAdory, *et al.*

### Action for Breach of Covenants in Deed.

| 100 | 553 |
|-----|-----|
| 105 | 161 |
| 100 | 553 |
| 106 | 414 |
| 108 | 326 |
| 100 | 553 |
| 115 | 481 |
| 100 | 553 |
| 125 | 537 |
| 100 | 553 |
| 128 | 272 |
| 128 | 274 |

1. *Complaint for breach of covenant of good right to convey, &c.*—A complaint for breach of a covenant of good right to convey or of seisin need not refer to an outstanding title, nor aver an eviction or ouster, but it is sufficient to negative the words of the covenant generally.

2. *Same ; for breach of covenant against incumbrances.*—In a complaint for the breach of covenants against incumbrances, the paramount title or incumbrances, the existence of which constitutes the breach, must be substantially stated.

3. *Covenant against incumbrances — how broken*—The covenant of freedom from incumbrances, like the covenants of seizin a id good right to convey. is a covenant *in presenti,* and is broken as soon as made if there is an outstanding older and better title, or an incumbrance diminishing the value or enjoyment of the land.

4. *Same ; existence of public highway.*- The existence of a public highway over the land is a breach of the covenant against incumbrances.

5. *Actual eviction not necessary to be shown* —In an action for breach of a covenant of warranty it is not necessary to show an eviction by legal process, but it is sufficient to show by a preponderance of evidence that plaintiff yielded to a hostile assertion of an irresistible paramount title.

6. *Grantees knowledge of incumbrance.*—Knowledge on the part of the grantee in a deed of an incumbrance on the property or of a paramount title does not impair his right of recovery for breach of the covenant of warranty.

7. *Measure of damages for breach of covenant of seisin, &c.*—Where a covenant of seisin, of good right to convey, or of quiet enjoyment, or a general warranty, is broken by the subjection of the land to a perpetual easement, which may not be removed by the payment of money, the measure of damages is the consequent depreciation of the land.

8. *Same ; improvements.*—The value of improvements made by the grantee after the purchase is not an element of damage.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was a suit brought by Willis McAdory and wife

[Copeland et al. v. McAdory et al.]

against W. B. Copeland and wife to recover damages for the alleged breach of warranties in a deed from the defendants to plaintiffs. There was verdict and judgment for the plaintiffs against W. B. Copeland.

The plaintiffs confessed the plea of coverture as to the defendant, Mrs. Copeland.

The evidence introduced for the plaintiffs tended to show that the defendant, W. B. Copeland, sold and conveyed to the plaintiffs a certain lot of land near the City of Birmingham, describing it by metes and bounds, which lot as described in said deed, comprised a part of one of the streets of Birmingham, and from the possession of which the plaintiff was evicted by the Mayor and aldermen of the City of Birmingham. The defendants derived title to a portion of the property so conveyed by mesne conveyances from the Elyton Land Company, which originally owned all of the property in and around Birmingham, and had laid the same off into lots, streets and avenues. The Elyton Land Co. sold this land originally to one Knauff. The deed to Knauff described the land as abutting 9th Avenue. At the time of the sale to the plaintiff by the defendant, the City of Birmingham had not extended its limits so as to comprise 9th Ave., and the said Ave. was not open when the land was sold to the plaintiff, and the lot was inclosed by a fence which surrounded the house situated on said property. Afterwards, the City of Birmingham extended its limits so as to comprise said Ave., and then demanded this property from the plaintiffs and required them to remove the obstructions off said Avenue, thereby depriving plaintiffs of 25 feet of their land, which took the entire front yard, and the Ave., as laid off, would have taken a part of the house and a well that plaintiff dug at a cost of one hundred dollars. The only thing controverted was the amount of damages sustained by the plaintiffs. The plaintiffs introduced testimony tending to show that there was not enough room on the lot left, so that the house could be moved back; while the defendants' testimony was in conflict with this.

The deed from the defendant to the plaintiffs contained the usual general covenants of warranty. All the other facts are sufficiently stated in the opinion.

The defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give to each of them. (1.) "The court instructs the jury that the plaintiff is not entitled to recover for the value of improvements placed on the portion of land taken by the city. (2.) "The court charges the jury that plain-

tiff can not recover in this action for the value of any improvements which the plaintiff placed upon the lot in question, after he purchased the lot from Copeland." (3.) "The court charges the jury that the amount which the plaintiff may have expended on the well can not be charged to the defendant, if such expenditures were made after he went into possession after his purchase from Copeland." (4.) "If the plaintiff is entitled to recover in this case, then the measure of his damages would be the difference in value of the lot with the Avenue on it and its value without the Avenue on it, all considered, at the time the plaintiff purchased the land,—with the interest on the amount from the time of his eviction by the city." (5.) "The plaintiff can not recover as damages the amount that would be required to move the house." (6.) "The court charges the jury that it was the right of Copeland to have notice of the claim of the city before the plaintiff abandoned the same, that he might, if he chose, defend the title which he had made to plaintiffs; and if the jury believe from the evidence that the plaintiffs gave up any of the lots in question, without notifying Copeland of the city's claim, then plaintiff assumes the burden of showing conclusively an outstanding superior title in the city to said property."

DICKINSON & KERR, for the appellants.

LANE & WHITE and JOHN VARY, for the appellees.

STONE, C. J.—The action was commenced against the appellant and his wife, to recover damages for alleged breaches of the covenants in a deed of bargain and sale, executed by them, conveying to the appellees a certain lot or parcel of land in the city of Birmingham. There was judgment for the wife on her plea of coverture. The trial was had on an amended complaint having three counts. The first of these, alleges a breach of the covenant against incumbrances. The second complains of an alleged breach of the covenant that the grantors had good right to convey. The third alleges a breach of the general covenant to warrant and defend. The defect or insufficiency of the title of the grantors, alleged in each count, is that a part of the premises conveyed, particularly described, formed a part of a public street or avenue of the city of Birmingham, having been prior to the execution of the conveyance, dedicated to the public for such use, by the former owner, the Elyton Land Company, when mapping and laying out the city;

and that the Mayor and Aldermen of the city had entered, taking possession thereof, and dispossessing the appellees. Demurrers to each count were interposed, assigning causes which are not very clearly expressed.

As we interpret them, the defect or insufficiency in each count charged to exist is, that the right and title of the Mayor and Aldermen, is not described with sufficient cer-certainty or particularity, and that it is not shown the appellees were ousted or dispossessed by legal process. The demurrers were overruled, and the order overruling them is the matter of the first assignment of error.

In considering the sufficiency of the complaint, we are confined to the causes of demurrer assigned. Though either count may be in any respect insufficient, if not subject to the objections stated, the demurrer was properly overruled. (Code, § 2690). The second count is founded on an alleged breach of the covenant of good right to convey, the equivalent of a covenant of seizin. In declaring for a breach of the covenant, all that is necessary is to negative the words of the covenant generally. No description of, or reference to the outstanding or permanent title is necessary ; nor is it necessary to aver an eviction or ouster. The covenant is broken, if at all, as soon as it is made, and not by the occurrence of any future event. The grantor is presumed to know the estate of which he is seized ; the fact is peculiarly within his knowledge, and he must plead and prove it.—Rawle on Covenants (3rd Ed.) 53; *Rickert v. Snyder,* 9 Wend. 421; *Anderson v. Knox,* 20 Ala. 156. Whether the existence of a highway over a part of the premises conveyed, is a breach of this covenant is not a question raised by the demurrer, and of consequence is not now before us.

There is a marked distinction in pleading a breach of the covenant of seizin or of good right to convey, and of other covenants. It is not sufficient in declaring for a breach of the other covenants to negative merely the words of the covenant. The paramount title, or incumbrance, the existence of which is supposed to constitute a breach, must be stated. But it is not necessary, nor advisable to enter into any particular description of such incumbrance or title. The statement of it substantially, is all that is requisite. Rawle on Covenants for Title, 125 *et seq.* In the notes to 2 Greenl. Ev. §§ 242, 243, 244, the form of a count for a breach of the covenant against in-incumbrances, of quiet enjoyment, and of general warranty, will be found. In each count there is no more than the averment that there was at the time of making the deed, an

outstanding lawful right and title, and in whom it resided. In each of the counts of the complaint, in which it was necessary to state the existence of an incumbrance, or of a paramount title, that which is relied on, as constituting the breach of the covenant, is clearly stated ; its nature, character and origin ; and in this respect, the demurrer was not well taken.

The covenant of freedom from incumbrances, like the covenants of seizin and of good and lawful right to convey, is a covenant *in presenti;* it is broken as soon as made, if there is an outstanding older and better title, or an incumbrance diminishing the value or enjoyment of the land. *Anderson v. Knox,* 20 Ala. 156 ; *Andrews v. McCoy,* 8 Ala. 920 ; *Clark v. Swift,* 3 Metcalf, 390.

An eviction or dispossession of the grantee, is not a constituent element of the breach. It is the defect of title or the burden of an incumbrance, existing when the conveyance is made which works the breach. It is said by Greenleaf : "The covenant of freedom from incumbrance is proved to have been broken, by any evidence showing that a third person had a right to, or an interest in the land granted, to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance. Therefore, a public highway over the land ; a claim of dower, a private right of way ; a lien by judgment, or by mortgage made by the grantor to the grantee, or any mortgage unless it is one which the covenantee is bound to pay ; or any other outstanding, older and better title—is a breach of this covenant."—2 Greenl. Ev. § 247. The authorities generally recognize an outstanding easement of any kind as falling within the covenant, operating its breach. —Rawls on Covenants for Title, 113 *et seq.* Tiedeman on Real Property, § 850; *Huyck v. Andrews,* 113 N. Y. 81; (s. c. 10 Am. St. Rep. 432). The definition of an encumbrance expressed by Parson C. J. in the early case of *Prescott v. Trueman* 4 Mass 627 is that it is "every right to, or interest in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance," has frequently been cited and approved. An easment conferring upon its owner an interest in the land, the right to some profit, benefit, dominion, or lawful use out of or over the land, though it may be consistent with the passing of the fee by the conveyance, is a burden upon the estate granted, diminishing the full measure of its enjoyment. There is some conflict in the authorities, whether the existence of a public highway over the land, is an in-

cumbrance, and a breach of this covenant. In the case of
*Kellogg v. Ingersoll*, 2 Mass. 97, an action for a breach of
the covenant, the breach assigned was the existence "of a
public town road or way duly laid out by the town of A.
for the use of all its inhabitants," and it was held the
breach was well assigned, that the existence of the road
was an incumbrance. Parsons C. J. said : "It is a legal
obstruction to the purchaser, to exercise that dominion
over the land, to which the owner is entitled. An incum-
brance of this nature may be a great damage to the pur-
chaser, or the damage may be very inconsiderable, or mere-
ly nominal. The amount of the damage is a proper subject
for the consideration of the jury who may assess them ; but
it cannot affect the question whether a public town road is,
in legal contemplation, an incumbrance of the land over
which it is laid." Though the doctrine of this case has
been denied in New York, Pennsylvania and Wiscon-
sin, it has been adopted in all the New England states, and
in Indiana, Illinois, Iowa and Missouri. Tiederman on
Real Property, § 853 and notes. In *Kellogg v. Malin*, 50 Mo.
496, s. c. 11 Am. Rep. 426, it is said : "All the authorities
concur in holding that an easement constitutes an incum-
brance. If a person acquires the fee to land free and un-
incumbered, he obtains the exclusive and absolute domin-
ion over it, and may use, enjoy and appropriate it to any pur-
pose he may see fit. But if it is subject to an easement or
incumbrance it is not free, nor can he enjoy it to the fullest
extent. If a public highway or railroad track run over it
he cannot have its undisturbed enjoyment for it is used by
others in defiance of his will." The vendor of lands frames
the covenants of the conveyance into which he enters. He
may extend or limit them at pleasure ; or he may decline
to introduce into the conveyance any covenants whatever,
limiting the grant to such estate or interest only as he may
have in the land and leaving the purchaser to take it with
all the defects of title, and subject to all the incumbrances
which affect or bind the estate. But if he enters into cove-
nants, he must respond for all the damages resulting, if the
covenants are in legal contemplation, and in *fact*, untrue.
The existence of a public highway is a burden and an in-
cumbrance, diminishing the enjoyment of the land, subject-
ing it to the dominion and use of the public. If it were a
private right of way all authorities declare that it would be
an incumbrance and a breach of the covenant. That it is
public does not change the fact that there is an outstanding

[Copeland et al. v. McAdory et al.]

right to the use and to dominion over the land, which may continue forever, interrupting its quiet enjoyment.

The covenant of quiet enjoyment and of warranty, are practically identical in operation; and whatever constitutes the breach of the one covenant, is a breach of the other. Either extends to all lawful outstanding adverse claims upon the premises conveyed. An easement, materially affecting the value, interfering with the use and possession of a part of the premises is a breach of the covenant.—*Scriver v. Smith*, 100 N. Y. 471; (s. c., 53 Am. Rep. 224.) A right of way, public or private, incumbering a part of the premises, is a breach of the covenant.—*Russ v. Steele*, 40 Vt. 310; *Lamb v. Danforth*, 59 Me. 322; (s. c., 8 Am. Rep. 426); *Butt v. Riffe*, 78 Ky. 352. An eviction, *actual* or *constructive* of the whole or a part of the premises, is an essential constituent of the breach. But it is not intended that there must be an eviction by legal process. If there is a hostile assertion of an irresistable, paramount title, the grantee may yield to it, not awaiting suit and judgment. If he yields, it is at his peril, and he takes upon himself in an action for a breach of the covenant, the burden of proving the title really paramount. Tiederman on Real Property, § 855. Assuming the truth of the averments in the complaint, as must be done on demurrer, the paramount right and title to the part of the premises conveyed, which formed a part of the street or avenue; the paramount right to use and dominion over them, resides in the mayor and aldermen, and they had the right to enter and take possession. It was not only the right, but the duty of the appellees, to surrender the possession. They were under no duty to the appellant to maintain a wrongful possession, subjecting themselves to be treated as trespassers. *McGary v. Hastings*, 39 Cal. 360; (s. c., 2 Am. Rep. 456.) The result of the views we have expressed, is, that the demurrer to the several counts of the complaint, for the causes assigned were properly overruled.

The demurrers to the two special pleas filed by the appellant do not appear in the record. When such demurrers are sustained, the presumption on error, is, that causes of demurrer were specified, and covered whatever of objection or insufficiency may be found in the pleas. The first plea purports to be a plea of recoupment, and the matter of recoupment is, expenses incurred by the appellant in the employment of counsel to procure the correction of the misdescription in a deed executed by the appellees conveying to the appellant a lot, in exchange, or as the consideration for the lot conveyed by him to the appellees. It would scarcely be

insisted that in a separate, independent action, such a claim or demand is recoverable. And it is now sufficient to say, that a claim or demand not recoverable in a separate independent action, can not be made the matter of a plea of recoupment.—3 Sedg. Dam. § 1061. The second plea avers that at the time of the execution of the conveyance, the appellees had full knowledge of the claim of the mayor and aldermen of the city of Birmingham, and are therefore estopped from a recovery. But knowledge, or notice, however full, of an incumbrance, or of a paramount title, does not impair the right of recovery upon covenants of warranty. The covenants are taken for protection and indemnity against known and unknown incumbrances or defects of title.—Tiederman on Real Property, § 853; Rawle on Covenants for Title, 128 et seq.; Dunn v. White, 1 Ala. 645.

The measure of damages for a total breach of the covenants of seizin or of good right to convey, or of quiet enjoyment, or general warranty, is the purchase-money, or value of the consideration. If the failure of the title is partial, the measure of damages is the value of the parcel lost, measured by the consideration, or the value at the time of the eviction.—Kingsbury v. Milner, 69 Ala. 502; Bibb v. Freeman, 59 Ala. 612; Sutherland on Dam. 288; Mecklem v. Blake, 99 Am. Dec. note 78; Brooks v. Black, 24 Am. St. note 267. When, as in this case, there is not a failure of title, the fee remaining in the grantee, but a part of the land is subject to a perpetual easement, which may not be removed by the payment of money, the measure of damage is the depreciation in value of the land by reason of the incumbrance. 3 Sedg. Dam. § 972; Clark v. Ziegler, 79 Ala. 346; (s. c., 85 Ala. 154.) Consequential damages are not recoverable; nor is the value of improvements, the grantee may have made after the purchase, an element of damage; if compensation is made for them, as has been properly·said, it must be made by the evictor.—Mechlam v. Blake, 99 Am. Dec. note 73. There was error in the refusal of the first, second, third and fifth charges requested by the appellant. There was no error in the refusal of the fourth and sixth charges requested. The appellees were under no duty to give notice to the appellant before surrendering possession to the mayor and aldermen, if their right and title was paramount. Having surrendered without suit, as has already been said, in this action, the burden of proving the superiority of the title to which they yielded, rests upon the appellees. They are not bound to prove it conclusively, as is asserted in the sixth instruction. In all civil cases, the measure of proof, is that

which produces in the minds of the jury, a reasonable conviction. The other matters assigned as error, will not arise again, and a consideration of them is unnecessary.

Reversed and remanded.