# Moore v. Johnston.

*Action for Breach of Covenant.*

1. *Splitting cause of action; suits for breach of covenants of seizin; and against incumbrances.*—A judgment for the defendant in an action for a breach of a covenant of seizin, is not a bar to a subsequent action,

[Moore v. Johnston.]

between the same parties for a breach of a covenant against incumbrances; the two suits are not based on the same cause of action, and the rule which prohibits the splitting up of a single cause of action into two or more actions, has no application.

APPEAL from Birmingham City Court.

Tried before Hon. H. A. SHARPE.

The facts of this case are sufficiently shown by the opinion. From a judgment for the defendant, the plaintiff appealed.

R. L. BROOKS, and PETTUS & PETTUS for appellant. cited.—*Moore v. Johnston*, 87 Ala, 220; *Thomas v. St. Paul M. E. Church*, 86 Ala. 144; Biglow on Estoppel, 186; *McIntosh v. Lown*, 49 Barb. 550; *Reed v. Pierce*, 36 Me. 455; *Ogden v. Bell*, 41 N. W. 453; *Cheney v. Straule*, 53 N. W. 479; *Walker v. Deaver*, 79 Mo. 675; *Wyman v. Ballard*, 12 Mass. 304

W. C. Ward, *contra*, cited—*Bendernagle v. Cochs*, 19 Wend. 207; *Yates v. Fassett*, 5 Denis 28; *Joyce v. Moore*, 10 Mo. 273; 1 Amer. & Eng. Encyc. L. 184.

COLEMAN, J.—In a deed of conveyance executed by the appellee, Johnston, to the plaintiff, Moore, the grantor covenanted "that he was lawfully seized in fee simple of said premises that they are free from all incumbrance, and that he had a good right to sell the same as aforesaid," followed by a general warranty against the claims of all persons. The grantee, John Moore, sued the grantor Johnston for a breach of the covenant of seizin. The action resulted in a verdict and judgment for the defendant. The plaintiff then instituted the present action upon a breach of the covenant "that the premises were free from all incumbrance." The complaint shows that prior to the execution of the deed of conveyance a certain strip of the premises, forty feet wide and one hundred and ninety feet deep, had been dedicated to the city of Birmingham for a public street and that the street was opened up after the termination of the suit upon an alleged breach of the covenant of seizin in fee simple. The easement existed both at the time of the execution of the covenant of the deed and the institution and trial of the cause for a breach of the covenant of seizin. The material ques-

tion in the case, raised by the fourth and sixth pleas and the demurrers and replications thereto, is whether the suit for a breach of the covenant of seizin in fee barred the plaintiff's action for a breach of the covenant that the premises "were free from incumbrance," the right to the easement not having been exercised by the city until after that suit had been terminated. The effect of the ruling of the trial court was that the former suit barred the plaintiff's second action. In this the trial court erred. When the case was here on appeal from the judgment rendered in the trial for a breach of the covenant of seizin, it was in evidence that the easement existed. The court used the language: "It is well settled by the authorities that the existence of a public easement over land, * * which does not in any way affect the technical seizin of the purchaser, is no breach of the covenant of seizin. The reason is there is no inconsistency between the public having the right of way over the land, and at the same time the vesting of a freehold in the owner of the soil." The court held that while the easement might be a breach of the covenant against incumbrance, such proof did not support a cause of action founded upon a breach of the covenant of seizin, and that plaintiff was not entitled to recover. The rule is well nigh universal, that an existing easement is a breach of the covenant against incumbrance in presenti,—Anderson v. Knox, 20 Ala. 156; Copeland v. McAdory, 100 Ala. 553; Moore v. Johnson, 87 Ala. 220, supra, and authorities cited; 10 Am. & Eng. Ency. Law, 362; Kelly v. Manlin, 50 Me. 496, (11 Amer. Rep. 426.) In the case of Copeland v. McAdory, 100 Ala. 553, supra, the expression is used that "the covenant of good right to convey is the equivalent of a covenant of seizin." Perhaps this is not universally true, as a person may have power to convey without being seized.—19 Amer. & Eng. Ency. Law, 981. We may add, the pleadings in an action for breach of covenant of seizin, are not the same, as for a breach of the covenant against incumbrance. In the latter it is necessary to describe the incumbrance with more particularity. Copeland v. McAdory, 100 Ala. 553.

These principles and authorities are conclusive to show that the two suits are not founded on the same cause of action, and the rule which prohibits the splitting up a single cause of action into two or more actions has no

application.—*Oliver v. Holt*, 11 Ala. 574; *O'Neal v. Brown*, 21 Ala. 482; *Liddell v. Chickester*, 84 Ala. 508; *Ryall v. Prince*, 82 Ala. 264; *Moore v. Johnson*, 87 Ala. *supra*.

We deem it unnecessary to consider any other question in the case.

Reversed and remanded.

HEAD, J.—Not sitting.