[Prestwood *et al.* v. McGowin.]

# Prestwood *et al. v.* McGowin.

| 128 | 267 |
|-----|-----|
| 131 | 138 |
| 128 | 267 |
| 143 | 572 |

*Action to recover Breach of Covenants of Warranty contained in Deed.*

1. *Covenants of seizin; warranty of title; what is necessary to constitute a breach; eviction.*—To constitute a breach of covenant of seizin and warranty of title to land, contained in a deed of conveyance, it is essential that there should be either an actual or constructive eviction or ouster; but said eviction need not be under legal process or with force, for, if the covenantee has yielded to a paramount title, or has been denied or held out of possession by one in actual possession under paramount title at the time of conveyance, the breach of the covenant is complete.

2. *Same; sufficiency of complaint declaring upon breach of covenant.*—In an action to recover damages for the breach of a covenant of seizin for a good right to convey, a complaint is sufficient, if it negatives the words of the covenant generally; but where damages are sought for the breach of a covenant of warranty of title, it is necessary for the complaint to substantially set forth the paramount title or incumbrances and to aver an eviction or ouster.

3. *Same; same.*—While in an action to recover damages for the breaches both of the covenants of seizin and warranty of title, proper pleading requires that the complaint should contain separate counts, and assignments for each of the breaches for which a recovery is sought, still, where a complaint, which, after averring the making of the covenants of seizin and warranty of title, then avers that said covenants have been broken, in that, at the time of making them, the defendants had no title to the property conveyed and were not lawfully seized of said land, but that a third person had the title to the said lands and was in adverse possession of the same, and that said lands have been lost to the plaintiff on account of the superior and paramount title and possession of said third person, such complaint is not subject to demurrer upon the ground that it fails to aver that plaintiffs were ousted by an outstanding title which was paramount to the title obtained from the defendants.

[Prestwood *et al.* v. McGowin.]

4. *Covenant of seizin; right of action for breach thereof.*—The covenant of seizin does not run with the land, and is broken, if at all, as soon as it is made, and not by the occurrence of any future event; and, the right of action for the breach of such covenant is not assignable at law, nor can it pass to an heir or devisee or to a subsequent purchaser, but it must be exercised by the covenantee, or his personal representative.

5. *Covenants of warranty of title; right of action for breach thereof.*—A covenant of warranty of title, until a breach thereof has been committed, runs with the land into the hands of an assignee and the heirs of the original grantee, and may be sued upon by the assignee or heir who is in possession when a breach occurs; but after a breach has been committed there can be no assignment and the covenant then ceases to run with the land.

6. *Same; same.*—If at the time of the execution of a deed of conveyance containing covenants of warranty of title and seizin, the grantor had neither title nor seizin, nothing passed by the deed, and the covenant remains with the grantee, and cannot be enforced by an assignee or heir.

7. *Same; right of action after death of grantee.*—Where a breach of the covenant of warranty of title occurs in the life time of the grantee, the right to recover damages for such breach vests, after the death of the grantee, in his personal representative, and the right of action cannot be exercised by his heirs or devisees.

8. *Pleading and practice; when one co-plaintiff is not entitled to recover, none can.*—Where several parties sue jointly, as plaintiffs, all must be entitled to recover, or none can; and hence, if any one of them is incompetent to sue or maintain the action, or the evidence sustains the action only as to one or more and not as to the others, all must fail in the suit.

9. *Same; same; action for breach of covenant of warranty of title.*—In an action to recover damages for the breach of a covenant of warranty of title where some of the plaintiffs are the grantees named in the deed containing the covenants, and the others are heirs of the remaining grantees, and it is averred in the complaint, and shown by the evidence, that at the time of the execution of the conveyance there was a paramount outstanding title to the lands sought to be conveyed, and they were in the adverse possession of third parties, such action cannot be maintained, and the deed containing the covenants alleged to have been broken is not admissible in evidence.

10. *Measure of damages for recovery of breach of covenant of warranty of title.*—The measure of damages which a purchaser is entitled to recover on account of a breach of covenant of warranty of title is the purchase money paid, with interest and costs of suit; and, in an action seeking to recover damages for such breach, evidence as to the value of the land at the time of the conveyance is inadmissible.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. A. H. ALSTON.

This was an action brought by the appellees against the appellants, J. A. Prestwood and his wife, M. E. Prestwood, and W. T. Knowles and his wife, F. A. Knowles.

The plaintiffs as described in the complaint were: "S. W. McGowin, E. B. White, Aggie Dixon, Bell White, J. C. McGowin and S. W. McGowin, adult heirs-at-law of James McGowin, deceased, and Fred and Maggie McGowin, minor heirs of F. T. McGowin, who was an heir-at-law of James McGowin, deceased, by their next friend, E. B. White." The plaintiffs claim damages for breach of covenant of seizin and warranty contained in a deed executed by the defendants on August 17th, 1896.

The claim as contained in the complaint and the averments therein of the breach complained of are sufficiently set forth in the opinion. In addition thereto the plaintiffs claimed one hundred and five dollars as costs which they incurred in the actions of ejectment, which they brought against the parties who were in adverse possession of the land.

The defendants moved to strike the complaint from the file upon the ground that it contained no cause of action. This motion was overruled and defendants duly excepted. Thereupon the defendants demurred to the complaint on the grounds set forth in the opinion on the further ground that the complaint, by its averments, shows that the contract sued on is void. The second and third grounds of demurrer are copied in the opinion. The fourth ground was as follows: "Defendants demur to that part of the complaint which avers that plaintiffs have brought actions of ejectment to recover the lands described in

the complaint and have incurred costs to the amount of $105 in said suits and for grounds of demurrer assign the following: '1. There is no averment in the complaint that the defendants authorized or directed the bringing of said ejectment suits. 2. The damages claimed having been incurred by reason of said ejectment are shown to be consequential and not the direct result of any breaches of covenants warranty or seizin contained in the deed declared on.'" This demurrer was overruled and defendants duly excepted.

M. E. Prestwood and M. A. Knowles pleaded coverture, which pleas were confessed by the plaintiffs. Thereupon defendants, J. A. Prestwood and W. T. Knowles, pleaded the general issue upon which issue was joined.

On the trial of the case E. B. White, witness for the plaintiffs, testified as to the relationship of the plaintiffs to James McGowin, deceased; stating that they were heirs as alleged in the complaint. The plaintiffs offered in evidence as the foundation of their cause of action a deed from J. A. Prestwood, M. E. Prestwood, William T. Knowles and M. A. Knowles to James McGowin, F. T. McGowin, S. W. McGowin and E. B. White, by which deed the grantors therein sought to convey to the grantees named certain lands specifically described: The warranty clause of this deed is copied in the opinion.

The defendants objected to the introduction of this deed in evidence upon the following grounds: 1. "Said deed does not support allegations of the complaint." 2. "Said deed showed that Aggie Dixon, Bell White, John C. McGowin and F. T. and Maggie McGowin, a portion of the plaintiffs in this case, are not grantees or parties to the deed."

The court overruled this objection and allowed the deed to be introduced in evidence, and to this ruling defendants duly excepted.

There was evidence on the part of the plaintiffs tending to show that at the time of the execution of this deed to the grantees, named therein, separate portions of the land sought to be conveyed and described

[Prestwood *et al.* v. McGowin.]

in said deed, were owned and held in adverse possession by other parties than the grantors as alleged in the complaint.

Upon the cross-examination of the witness, E. B. White, after he had testified that he knew the value of the lands in controversy, as well as the adjoining lands, he was asked the following questions: "What was the difference in value at the date of the deed from defendants to you of the Thomason land (you have testified about) and your own land, adjoining it?" Plaintiff objected to this question, and the defendant duly excepted.

The other facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Among the other charges requested by the defendants, to the refusal to give each of which the defendants separately excepted, was the following: "If you believe the evidence your verdict should be for the defendants."

There were verdict and judgment for the plaintiffs. The defendants appeal and assign as error the several rulings of the trial court to which exceptions were reserved.

POWELL & ALBRITTON, for appellants.—The demurrers to the complaint should have been sustained. The averments are clearly insufficient to maintain an action for the breach of warranty.—*Copeland v. McAdory*, 100 Ala. 533; *Chestnut v. Tyson*, 105 Ala. 149. The complaint avers that certain parties were in adverse possession of the lands conveyed to plaintiffs at date of such conveyance. This, of course, rendered deed void.—*Davis v. Curry*, 85 Ala. 134; *Pearson v. King*, 99 Ala. 125.

STALLWORTH & BURNETT, *contra*.—The complaint was not subject to the demurrers interposed to it. *Copeland v. McAdory*, 100 Ala. 533, and authorities cited. The plaintiffs were entitled to maintain the present action. There was a breach of the covenant

of warranty of title and of seizin.—*Copeland v. Mc-Adory*, 100 Ala. 533; *Moore v. Johnston*, 87 Ala. 220; *Anderson v. Knox*, 20 Ala. 156; Devlin on Deeds, § 889.

HARALSON, J.—This action seeks damages for the breach of covenants of seizin and warranty of title to land. An eviction or ouster, either actual or constructive, is essential to the breach. The eviction need not be with force. If it appears that the covenantee has yielded to a paramount title, whether it was derived from his own grantor or from a stranger, and he gives up the possession, if he ever had it, or he becomes the tenant of him of superior title, or has purchased his title, that is sufficient as being a constructive ouster. So, again, if the covenantee has been denied or held out of possesssion, by one in actual possession under paramount title, at the time of the conveyance, this would be a breach of the covenant.—*Griffin v. Reynolds*, 17 Ala. 198; *Gunter v. Williams*, 40 Ala. 561; *Copeland v. McAdory*, 100 Ala. 553, 559; *Moore v. Vail*, 17 Ill. 185; *Witty v. Hightower*, 12 S. & M. 478; 2 Gr. Ev. 244; Tiedeman on Real Property, §§ 855, 860; Rawle on Cov. for Title, § 139.

"The covenant for quiet enjoyment and of warranty [of title] are practically identical in operation; and whatever constitutes the breach of the one covenant, is a breach of the other. Either extends to all lawful, outstanding adverse claims upon the premises conveyed."—*Copeland v. McAdory, supra*, 559; Tiedeman on Real Prop., § 855.

In declaring a breach on a covenant of seizin, or of good right to convey, all that is necessary is, to negative the words of the covenant generally; but, as we have seen, this is not sufficient in declaring on the covenants for quiet enjoyment and of warranty of title.—*Copeland's Case, supra.* From the case cited it will be seen, that the complaint, to be in proper form, should contain separate counts and assignments for each of the breaches for which a recovery is sought. The complaint here joins the covenant of seizin and

warranty of title in one count as a basis for recovery. The demurrer as to the sufficiency of the complaint in averring a breach of the covenant of seizin and warranty is: "2d. Said complaint avers that the covenant of warranty and seizin as to the lands therein described, were broken at the time of making the same, but fails to aver that the plaintiffs were ousted from the lands described in the complaint, by an outstanding title, which was in existence at the time of making said covenant of warranty and seizin, and fails to aver that said title was paramount to the title obtained from these defendants," and 3d. Said complaint avers that the covenant of warranty to the lands therein described was broken, but fails to aver that plaintiffs were ousted from the lands described in said complaint by an outstanding title which was paramount to the title which was obtained by these defendants."

The averments of the complaint are, that the defendants, the grantors in the conveyance, covenanted with the grantees therein that they were lawfully seized in fee simple of said premises, that they were free from all incumbrances, and that they had a good right to sell and convey the same, and,—to employ the language of the deed,—"that we will, and our heirs, executors and administrators shall, warrant and defend the same [the grantees, naming them] their heirs and assigns forever, against the lawful claims of all persons." The breach of covenant assigned is: "And the plaintiffs aver that said covenants of warranty and seizin have been broken in this, that at the time of making said covenant of warranty, said defendants had no title to [describing a part of the lands conveyed] and were not lawfully seized of said lands, but that one J. F. Anderson, had the title to said land, and was in the adverse possession of the same;" and the same averments were made in respect to four other parcels of said lands, alleged to be in the separate adverse possession of four other parties named. The complaint as to this concludes: "And plaintiffs aver, that all of said lands have been lost to them,

on account of the superior and paramount title and possession of the above named persons, which said lands were of the value of $1,500. And plaintiffs further aver, that they have brought actions of ejectment in the circuit court of Covington county, Ala., against each of the above named parties to recover the lands held by them, and failed by reason of their adverse possession and superior title to that conveyed by the defendants to these plaintiffs." We apprehend that under the principles above announced, these averments are full to the effect that the grantees, at the time the covenant was entered into, found the premises in the adverse possession of parties claiming under a paramount title, and that they were prevented and held out of possession under such paramount title, existing at that time, which are good averments of breach of covenant both of seizin and warranty of title. As for the grounds assigned, there was no error in overruling the demurrer.

As has appeared, the complaint counts on breaches both of the covenants of seizin and warranty of title, claiming damages for the breach of each. The covenant of seizin, we have shown, does not run with the land, and is broken, if at all, as soon as it is made, and not by the occurrence of any future event, and it is unnecessary to aver an eviction or ouster,—all that is necessary being to negative the words of the covenant generally.—*Copeland v. McAdory, supra.* Mr. Rawle, in speaking of the covenants of seizin, for right to convey, and against incumbrances, says: "The covenant is, that a particular state of things exists *at that time* [the time of its creation], and if this be not true, the delivery of the deed which contains such a covenant causes an instant breach; these covenants are, then, it is held, turned into a mere right of action, which is not assignable at law, which can be taken advantage of only by the covenantee or his personal representatives, and can neither pass to an heir, a devisee, nor a subsequent purchaser."—Rawle on Covenants for Title, §§ 205, 214; Tiedeman on Real Prop., § 860.

[Prestwood *et al.* v. McGowin.]

It is to be inquired, what effect the breach of warranty of title, in the lifetime of the grantee, or one occurring after his death, has upon the right of action to recover damages for its breach, and the party entitled to prosecute the action therefor.　Discussing this question, Mr. Tiedeman says: "Like covenants of quiet enjoyment, until a breach has been committed, a covenant of warranty runs with the land into the hands of the assignee and heirs, and may be sued upon by the assignee or heir who is in possession when the breach occurs, whether the alienation is voluntary or involuntary.　After a breach, there can be no assignment at common law, and it is still universally true that the covenant then ceases to run with the land. But in order that a covenant may run with the land to assignees, the grantee must, by the conveyance, acquire the actual or constructive seizin.　If at the time of the conveyance the grantor had neither title nor seizin, nothing passed by the deed, and the covenant remains with the grantee and cannot be enforced by an assignee.　For actual adverse possession under a paramount title at the time of conveyance is itself a breach of the covenant. * * * The assignee in possession at the time of the breach is generally the only person who can maintain an action upon the covenant."—Tiedeman on Real Prop., § 860.

Covenants for quiet enjoyment, of warranty of title and for further assurances are held to be prospective in their character, run with the land, and are not broken until eviction—Rawle on Cov. for Title, §§ 204, 205, 316.　As to these covenants,—of warranty of title and for further assurances,—the same author observes in the section last referred to: "Although from some expressions in the cases of *Kingdon v. Nottle*, [1 Maule & Selw. 355], and *King v. Jones* [5 Taunt. 418], it would seem to have been thought that the modern covenants for title, like the ancient warranty, descended as to their benefit upon the heir, irrespective of the time at which the breach took place, yet such a doctrine has since been corrected [citing the cases], and it is now well settled that where the breach occurs in the lifetime of the ancestor or the testator, the right

to recover the consequent damages vests in his personal representative. * * * Where, however, the breach occurs after the death of the ancestor or testator, the right of action must be exercised by the heir or devisee, on whom the damage has fallen." As to the rights of the executor or administrator, the author further observes: "They are entitled to the benefit of the covenants for title, which could have been taken advantage of by the testator or intestate during his lifetime, and which were broken before his death."—§ 317.

In 8 Am. & Eng. Encyc. Law (2d ed.), pp. 155-6, citing in support thereof decisions from many States, it is said: "A covenant of general warranty, being one of those which runs with the land, is intended for the benefit of the ultimate grantee in whose time it is broken, and he may maintain an action thereon in his own name. Covenants may run with the land, but damages arising from broken covenants do not; nor do they inure to subsequent grantees of the title. He, in whose time the covenant is broken, whether the grantee, or one who claims and holds under him, is the proper person to bring an action for the breach of covenant."—4 Am. & Eng. Ency. Law (1st ed.), 511. So it seems, on the principles stated, supported by the weight of authority, that a right of action for damages, for a covenant of warranty of title, does not pass with the land, if the grantee be dead at the time the covenant is broken, in which event his executor or administrator is alone entitled to sue.—Authorities *supra;* 5 Ency. Pl. & Pr., 354, 355.

The complaint in this case shows, as we have seen, that the covenant of warraney of title, as well as that of seizin,—damages for the breach of which this suit was instituted,—were broken at the time of the execution of the conveyance to the grantees therein. They alone, and the personal representatives of such as have since died, and not their heirs, are entitled, therefore, to maintain the action. Two of the original grantees in the deed, and the heirs of others who died, brought the action. The heirs having no right to

maintain the action, the principle applies that when several parties sue jointly as plaintiffs, all must be entitled to recover or none can; and, if any one of them is incompetent to sue, all must fail, though the evidence may sustain the action as to one or more of them.—*McLeod v. McLeod,* 73 Ala. 43; *Lovelace v. Hutchinson,* 106 Ala. 418. The defendant's objection to the introduction of the deed of defendants to the grantees therein named, should have been sustained.

It may be stated for the sake of another trial, if it should occur, that if the allegations of the complaint are true, the conveyance from defendants to plaintiffs, or a part of them, was executed while the lands were in the adverse possession of other parties, and while being good as between the immediate parties to it, it was void as to the holders of such adverse possessions and the persons in privity with them, and will not support ejectment by the plaintiffs,—grantees in defendants' deed,—against such adverse holders. *Pearson v. King,* 99 Ala. 125; *Parks v. Barnett,* 104 Ala. 438; *Craft r. Thornton,* 125 Ala. 391. It would follow, therefore, that the costs of plaintiff's suits in ejectment against said adverse holders of the possession of said lands, if ever instituted, wherein it is averred judgments were rendered for defendants, cannot be recovered of these defendants. It may be added it does not appear that these judgments and the executions issued upon them had reference to the lands in question.

For the same purpose, let it be further said, that the question propounded to the witness, White, by the defendants on his cross-examination, namely,—"What was the difference in value, at the date of defendants' deed to you, of the Thomason lands you have testified about, and your own lands adjoining it?"—was improper, and the objection to it should have been sustained. It is not the value of the land at the time of the conveyance which is the measure of damages in a case of this character, but it is the purchase money paid with interest and costs of suit.—*Clark v. Zeigler,* 79 Ala. 346; *Snodgrass v Reynolds, Ib.* 452; *Kingsbury r. Milner,* 69 Ala. 502.

The judgment is reversed and the cause remanded.