16 So.2d 327

## BLAUM v. MAY.

4 Div. 740.

Court of Appeals of Alabama.
Oct. 12, 1943.

Rehearing Denied Nov. 23, 1943.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Tompkins & Ramsey and J. R. Ramsey, all of Dothan, for appellee.

306

RICE, Judge.

Quoting from appellant's brief filed here: "This is a suit brought by C. H. May against J. N. Blaum for breach of warranty of certain covenants in Blaum's deed to R. L. Hillman. The covenant set out in said deed is as follows: 'That he would warrant and defend said premises to R. L. Hillman, his heirs, and assigns, forever, against the lawful claims and demands of all persons.' "

Appellant's brief goes on to state: "The complaint sets up covenant or warranties from Blaum to R. L. Hillman, his heirs and assigns. It is a contract between Blaum and Hillman, and limited to him, his heirs and assigns. It would broaden the contract, and cause to be made into it what is not carried in the contract to say that it embraces the assigns or grantees of the heirs of R. L. Hillman. May was a grantee or assign of the heirs of R.L. Hillman to the property in controversy. The complaint sets up these facts fully."

There is but a single question presented for our consideration: Did the trial court err in overruling appellant's demurrers to the one count of appellee's complaint claiming damages as above?

 It seems the question may be answered quickly and easily in the negative. So far as we can see, no statement is necessary, further than is quoted above from appellant's brief.

The law governing appears to us to be as well stated as is requisite for our purpose in the excerpts (with authorities) which we here quote from the opinion by our Supreme Court in the case of Prestwood et al. v. McGowin, 128 Ala. 267, 29 So. 386, 389, 86 Am.St.Rep. 136, to-wit: "Mr. Tiedeman says: 'Like covenants of quiet enjoyment, until a breach has been committed, a covenant of warranty runs with the land into the hands of the assignee and heirs, and may be sued upon by the assignee or heir who is in possession when the breach occurs, whether the alienation is voluntary or involuntary. * * * The assignee in possession at the time of the breach is generally the 'only person who can maintain an action upon the covenant.' Tied. Real Prop. § 860. Covenants for quiet enjoyment, of warranty of title and for further assurances are held to be prospective in their character, run with the land, and are not broken until eviction. Rawle, Cov. §§ 204, 205, 316."

We have examined the large number of authorities cited to us by the respective counsel, but find nothing contrary to the principles of law we have quoted above. It seems a useless consumption of time and space to here discuss the various cases to which we have been referred.

Appellant's contention, which we have quoted hereinabove, is unsound.

The grounds of demurrer to the complaint which he has argued here were properly overruled.

The judgment is affirmed.

Affirmed.