## CALDWELL v. KIRKPATRICK.

1. A general covenant of warranty of title in a conveyance of land, is not a covenant of *seizure*. but is equivalent only to a covenant for quiet enjoyment.

ERROR to the Circuit Court of Butler.

Action for breach of covenant by the plaintiff, against the defendant in error.

The action is for a breach of covenant of warranty, in a deed for a lot in the town of Greenville. The breach is thus alleged: "Yet the said plaintiff in fact saith, that said defendant hath not kept his said covenant in this, that said plaintiff was ousted from the possession of the said premises by superior title in law—and in this likewise, that said defendant did never place defendant in possession of the said premises, and plaintiff hath not been able to obtain possession thereof by legal process. In this, also, that plaintiff was not seised at the time of the delivery of said deed of said premises, and could not, and would not, make livery of seizen according to said covenant: Wherefore, &c."

The defendant pleaded a special *non est factum*.

Pending the trial, a bill of exceptions was taken; by which it appears that the plaintiff, to show the breach of the covenant of seizin, introduced evidence tending to prove, that at, before, and subsequent to the making and delivery of the deed and covenant sued on, one Robert Reed, was in possession of the premises granted in the deed, and claiming title and right of possession to

the same, and that he refused. on demand, to deliver possession to plaintiff, under said deed. Also, evidence tending to prove that said defendant never had possession of said premises at any time. There was no proof that said defendant had ever had at any time, title of any sort to the premises.

The plaintiff requested the court to charge the jury, that if they believed the evidence, it would establish a breach of the covenant of seizin; which charge the court refused, and charged the jury, that the proof of these facts would not be a breach of the said covenant, without further proof, showing that said Reed held under color of title by some written contract or agreement, showing either a legal or equitable title in him; to which the plaintiff excepted. The defendant had a verdict and judgment, from which this writ is prosecuted. The assignment of error presents for revision, the refusal of the court to charge, and the charge given.

Cook, for plaintiff in error.

Boling, *contra*, cited 2 Johns. Rep. 395; 7 id. 258, 376; 11 id. 122.

ORMOND, J.—The question to be settled in this case is, what is the import of the general covenant of warranty, upon a sale of lands in this State.

In England, anciently, the covenant of warranty authorised the tenant, if he lost the lands, to recover of the warrantor, lands of equal value. This rule was of feudal origin, and according to the opinion of Chief Justice Parsons, in Gore v. Brazier, [3 Mass. 544,] had been so far relaxed before the settlement of this country, as to permit the tenant ousted, by title paramount, to maintain a personal action of covenant broken, on a real covenant of warranty. Be this as it may, it is certain, that in modern times, the general warranty in a deed has been considered a personal covenant, though in England, and in many of the States of the Union, it has gone into disuse, and been superseded by the more definite and precise covenants of seizin, right to convey, for quiet enjoyment, against incumbrances, and for further assurance. [Platt on Cov. 305.]

In this State, the most usual covenant, where one is entered into upon the sale of lands, is a general covenant of warranty of

t'tle.  In our op'nion, the only effect of this covenant, in this
State, is for quiet enjoyment, which is an assurance against the
consequences of a defect've t'tle, or of any disturbance in the en-
joyment of the land conveyed.

This is conclusively shewn by referring it to its origin at a re-
mote period of the common law.  Its effect then, as we have
shown, was to entitle the tenant, when *evicted*, to recover  lands
of equal value, from the warrantor—the silent operation of time,
has converted the remedy into a personal action for damages, not
for a defect of title in the grantor, or because there was an out-
standing paramount title, but because the grantee had been oust-
ed from the possession by one having a paramount title, and this
answers only to the modern covenant for quiet enjoyment.

This has been the decision in other States.  Thus, in Emerson
v. Minel, [1 Mass. 464,] in an action upon such a covenant as
this, the court held, there could be no recovery without proof of
an *eviction*, and Sedgwick, Justice, said, "that it was in fact, and
in essence, a covenant for quiet enjoyment."  The same doctrine
was asserted in Townsend v. Van Cortlandt, [6 Cowen, 123.]
It is also so considered in Kentucky and Virginia, as is shown
by the citations in 2 Lomax's Dig. 273, and *doubtless in all the
States* where this covenant is used, as it is impossible to suppose
at this day, that it is not a personal covenant.  [4 Kent's Com.
4 ed. 472.]

The effect then of the general covenant of warranty being for
quiet enjoyment, we proceed to inquire, what rights are acquired
under it, and what obligations it imposes.  To constitute a breach
of this warranty, it is not necessary there should be an actual ex-
pulsion—the covenant secures a legal entry, as well as the enjoy-
ment of the lands.   [Ludwell v. Newman, 6 Term Rep. 453;
Platt on Cov. 327; 2 Lomax's Dig. 269; Gardner v. Kittletas, 3
Hill, 332.]

In this case, it appears that the grantor had neither the title or
the possession of the premises, at the time of the warranty, but
that the possession was in one Reed, who claimed title and right
of possession to the same.  The counsel for the plaintiff, it is true,
erred in considering the warranty a covenant, that the grantor
was seized in fee of the premises, but the court also erred in charg-
ing the jury that the covenant was not broken, because it did not
appear that Reed held under color of title, by some written con-

· tract or agreement. Until the grantor proved he had title to the land conveyed, the possession of Reed was sufficient evidence of title in him, and the plaintiff could not be required to commit a trespass by ousting him. The possession of Reed was *prima facie* evidence of title in him, which could only be repelled by evidence on the part of the grantor of a title paramount to his.

· Let the judgment be reversed, and the cause be remanded.