Pearson, J.
 

 The legal effect of the deed was to pass the
 
 soil
 
 of a part of the avenue to the plaintiff, leaving an
 
 easement
 
 or right of way, called an
 
 “
 
 avenue,” in the defendant. It is clear that such is the legal effect of the deed; for otherwise, why v'as a part of the avenue included in the deed, and Avliere was the necessity of saying any thing about the purpose for which the defendant reserved an interest in sucli part ?
 

 As the freehold vested in the plaintiff, we do not concur with his Honor in the opinion that the defendant might use it for the site of a ware-house, or for any other purpose than a
 
 *65
 
 way. It follows that the plaintiff has a cause of action for the erection of the ware-house. Whether the action should be trespass or case, is not now presented, as the plaintiff is entitled to a
 
 venire de novo.
 

 We likewise differ from his Honor as to the other part of the charge. To raise an estoppel, the admission must be certain. Here, there is no direct admission that this part of the avenue was not also a public high-way. There is no inconsistency in supposing that a part of one’s avenue may be a public higli-way ; in truth, whether it was or was not a public high-way was not in the contemplation of the parties. Besides, an estoppel, as a general rule, does not grow out of a recital; to give it that effect, it must show that the object of the parties was to make the matter recited a
 
 fixed fact,
 
 as the basis of their action ; as, for instance, in this case, in respect to the purpose for which the reservation is made — to be used as an avenue. So that had there been a recital, “ whereas it is not a public high-way,” the application of the doctrine of estoppel would have been questionable. In the absence of such a recital an estoppel cannot grow out of a mere inference in regard to a fact that was over and beyond the contemplation of the parties, so far as is shown by the face of the deed.
 

 Gilliam,
 
 v. Bird, 8 Ire. 286, relied on by the defendant’s counsel, lias no application. The kind of estoppel there discussed is strictly a mere rule .of evidence, adopted to avoid the necessity of tracing back the title where both parties claim under the same person.
 

 Pee CubiaM, Judgment reversed, and a
 
 veni/re de novo.