# Pinckard *v.* American Freehold Land Mortgage Co.

*Bill in Equity to Correct a Mortgage and to Foreclose the Same.*

1 *Conveyances; covenant of seisin; right of action for breach thereof not assignable.*—The covenant of seisin does not run with the land, and is broken, if at all, upon the execution of

the conveyance; and the damages arising from the breach of the covenant of seisin do not inure to subsequent grantees, and the right of action for the breach of such covenant is not assignable to a subsequent purchaser.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The original bill in this case was filed by the appellee, the American Freehold Land Mortgage Company, against the appellant, J. S. Pinckard, and one Leftwich and his wife. The purposes of the bill, the amendment thereof, and the other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the final submission of the cause upon the pleadings and proof, the chancellor rendered a decree dismissing the cross-bill and granting the relief prayed for in the amended bill, ascertaining the amount due on the mortgage deed, and ordering the foreclosure of the mortgage. From this decree, the defendant, Pinckard, appealed, and assigned as error the rendition thereof.

STEINER, CRUM & WEIL, for appellant.—It is a well settled rule that, while the statute of amendments is broad and should have a liberal construction, amendments are allowed for the purpose of curing defects in the original bill, and not the introduction of new matter varying substantially the relief prayed, or the right in which it is claimed.—*Ward v. Potter,* 75 Ala. 207.

Nor should amendments be allowed if the same defense would not be applicable to the amended bill as to the original bill.—*Caldwell v. King,* 76 Ala. 149; *Park v. Lide,* 90 Ala. 246; *Mitchell v. Winston,* 93 Ala. 554.

The rule laid down in *Prestwood v. McGowan,* 128 Ala. 267, is not as a rule recognized in a court of equity. —Pomeroy's Eq. Jur., §§ 1295-6-7-1342; Rawle on Covenants, § 226; *Trustees v. Lynch,* 70 N. Y. 440; *Gilman v. Jones,* 87 Ala. 691.

The right of a grantee, after condition broken, to retain the purchase money, as against an insolvent or nonresident grantor, was admitted in this State as far back

as the case of *Cullom v. Br. Bank*, 4 Ala. 21, and in *Greenlee v. Gains*, 13 Ala. 198; *Reed v. Walker*, 18 Ala. 323; *Smith v. Robertson*, 23 Ala. 312.

In *Walton v. Bonham*, 24 Ala. 513, it was held that a vendee may come into equity to enjoin a judgment at law on the purchase money notes, upon alleging the fraudulent representations by his vendor of title in himself, and a breach of his *warranty of title* and the *insolvency* of his estate, and it cites:—*Young v. Harris*, 2 Ala. 108; *Spence v. Driver*, 3 Ala. 251; *May v. Farmer*, 27 Ala. 471.

The right of a vendee to retain possession of the land against an insolvent grantor, or to enjoin such a grantor in the collection of the purchase money, is clearly recognized by the following cases in this State:—*Burkett v. Munford*, 70 Ala. 423; *McLemore v. Mabson*, 20 Ala. 137; *Wyatt v. Garlington*, 56 Ala. 576; *Hughes v. Hatchett*, 50 Ala. 539, and by numerous decisions in other states and in the Federal Courts:—*Peters v. Bowman*, 98 U. S. 56; *Coster v. M. M. Co.*, 2 N. J. Eq. 467.

HUGH NELSON, *contra.*—If at the time of the conveyance the grantor had neither title nor seisin, nothing passed by the deed, and the covenant remains with the grantee and cannot be enforced by an assignee. For actual adverse possession under a paramount title at the time of the conveyance is itself a breach of the covenant. The assignee in possession at the time of the breach is generally the only person who can maintain an action on the covenant.—*Prestwood v. McGowan*, 128 Ala. 267.

TYSON, J.—The bill in this cause as originally framed sought to correct a misdescription of the land, described in a certain deed executed by complainant to one Leftwich and in the mortgage executed by Leftwich to complainant to secure the purchase money, and to foreclose the mortgage. The misdescription sought to be corrected was as to a certain piece or parcel of the land, which was by mistake described in each of these conveyances. The complainant, it is averred, did not own this particular piece of land at the time it executed the deed, which contained covenants of warranty to

Leftwich, nor at the time of the filing of the bill. Leftwich, the mortgagor and the grantee in the deed executed by complainant, and his wife, as well as Pinckard, then assignee of the equity of redemption by absolute conveyance, were each made parties respondent to the bill.

The bill was subsequently amended by striking out Leftwich and wife as parties; and those averments of the bill and its prayer relating to a mistake in the description of the land, leaving the bill one of foreclosure of the mortgage on all the lands described in it. Objection was taken by Pinckard to the allowance of this amendment. His objection seems to proceed upon the theory that the bill, as originally framed, showed an equity in his favor which would have required complainant to offer to abate the purchase price, to the extent of the value of the parcel of land conveyed by the deed of complainant to Leftwich, and by Leftwich to him, which it did not own, as a condition to obtaining relief.

This is evidently upon the idea that its averments showed a breach of the covenants of warranty by complainant, contained in its deed to Leftwich.

The answer to this is that, if the parcel of land was put into the deed by mutual mistake of the parties, the covenants were never broken. But aside from this, as we shall show later on, the damages arising from the breach of covenants did not pass to Pinckard by Leftwich's conveyance to him.

The answer of Pinckard to the bill as amended, which was made a cross-bill, sought to have the amount of the mortgage debt abated, on the ground that the covenant of warranty of title in complainant's deed to Leftwich had been broken. The averments of the cross-bill show, as does the evidence, that the parcel or piece of land, to which Leftwich failed to get a title, was not owned by the complainant at the time it executed the deed. The covenant was, therefore, broken when made.

A covenant is a contract and damages are recoverable for its breach. The right of Leftwich to recover of complainant the damages he may have sustained by a breach of the covenant is a *chose in action*, and that was its nature and character when he executed the deed to Pinckard attempting to convey the piece of land to him.

Pinckard's right or title to the damages, which had already accrued to Leftwich, is predicated solely upon his acquisition of Leftwich's equity of redemption in the land, under the deed executed by Leftwich to him. Did Leftwich's right of action for a breach of covenant pass by that conveyance? If it did not, then Pinckard was not entitled to any relief under his cross-bill, and it was properly dismissed. This point was decided in *Prestwood v. McGowan*, 128 Ala. 267. It was there held and we think correctly, that "Covenants may run with the land, but damages arising from broken covenants do not; nor do they inure to subsequent grantees of the title." In addition to the authorities there cited, see 11 Cyc., p. 1097, and cases cited in note 46.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.

