# Musgrove *v.* Cordova Coal, Land & Improvement Co.

### *Breach of Covenant of Warranty.*

(Decided December 17, 1914.　67 South. 582.)

1. *Covenants; Construction; Deed.*—A covenant in a deed that a grantor and his heirs, etc., would defend title to the grantee and his successors against the lawful claims of all persons whatsoever, is in substance, a covenant for possession and quiet enjoyment, and its obligation is not that the grantor is the true owner, or that he is seized in fee with the right to convey, but that he will protect the grantee against the rightful claim of all persons that may be asserted thereafter; hence, it is not broken so long as the grantee's enjoyment and possession be not interfered with.

2. *Same; Breach; Eviction.*—Where an entire tract of land was sold with the covenant for possession and quiet enjoyment, and the grantee had constructive possession only and an owner of an outstanding interest in the land also had constructive possession, there was an eviction, which is a disturbance of the grantee's possession, by the assertion of the title paramount to which a party has been compelled by law, or satisfactory proof of genuineness, to submit, and hence, the grantee who bought in the outstanding interest may recover on the covenant.

3. *Acknowledgment; Deed; Certificate; Curing Variance.*—Although the first initial of a grantor's signature to a deed looked more like a "J." than it did a "T," if there was a variance between the signature and the recital in the body of the deed that the conveyance was made by T. H. Watson, such variance is cured by the certificate of the notary that the grantor, T. H. Watson, was known to the notary, etc.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by the Cordova Coal, Land & Improvement Company against L. B. Musgrove, for damages for breach of covenant of quiet employment. Judgment for plaintiff, and defendant appeals. Affirmed.

LACEY & LACEY, for appellant.

BANKHEAD & BANKHEAD, and F. A. GAMBLE, for aplee.

SAYRE, J.—(1) This action was brought in 1911 by appellee against appellant, to recover damages for the breach of a covenant of general warranty of title to land. About 15 years before the suit was brought defendant had sold the land described in the complaint to plaintiff's predecessor in title, Fred Sloss, trustee, executing a deed purporting to convey the entire fee and containing this warranty: "We will, and our heirs, executors and administrators shall, defend the same to the said Fred Sloss, trustee, his successor or successors, heirs, executors, and assigns forever, against the lawful claims of all persons whomsoever."

At that time there was an undivided one-fifth interest in the minerals in, under, or upon the land outstanding in one Copeland, and shortly before this action was commenced the heirs of said Copeland, who had died in the meantime, laid claim to this interest, whereupon plaintiff, recognizing the validity of their claim, purchased the same from them. Plaintiff has declared as for a breach of the covenant quoted above.

This covenant, in substance and effect, is the same as a covenant for possession and quiet enjoyment. Its obligation is, not that the covenantor is the true owner, or that he is seized in fee with the right to convey but that he will defend and protect the covenantee against the rightful claims of all persons that may be thereafter asserted. It is not broken, therefore, so long as possession and enjoyment are not interfered with.— *Oliver v. Bush,* 125 Ala. 534, 27 South. 923; *Caldwell v. Kirkpatrick,* 6 Ala. 60, 40 Am. Dec. 36; *Green v. Irving,* 54 Miss. 450, 28 Am. Rep. 360. It operates in futuro, unless the true owner is in actual possession at the time the covenant is entered into, in which case there is a breach eo instanti; it runs with the land, that is, it is intended for the benefit of the ultimate grantee in whose time it is broken, and there can be no breach except by an actual or constructive eviction. —*Prestwood v. McGowin,* 128 Ala. 267, 29 South. 386, 66 Am. St. Rep. 136. These principles are of common statement in the authorities.

(2) It does not appear that defendant was ever in the actual possession of the premises, or that there has been any actual possession since the time of his conveyance to plaintiff's predecessor in title. The parties so treat the case, and inferences to be drawn from the record justify that treatment as proper. On the basis of the fact that there has been nothing more than a

constructive possession of the premises by any of the parties to this suit or the transaction out of which it has arisen, defendant (appellant) makes an argument which seems to us to come to this: That since plaintiff and Copeland—so for convenience by this one name to designate the persons who have owned the outstanding interest—have in law and fact all along been tenants in common, each holding constructive possession for the benefit of the other, there has not been nor could be any constructive eviction of one by the other.

"An eviction, according to all the best authorities, means some change in the possession of the party [covenantee or his successors in interest] by the disturbance of an actual or constructive possession, which has been displaced by a paramount title to which the party has been compelled by law or by satisfactory proof of genuineness to submit."—*Matteson v. Vaughn*, 38 Mich. 373, quoted in Rawle on Cov. (5th Ed.), p. 184, note.

There must be an eviction, actual or by construction of law. But the covenantee need not submit to the harassment and expense of a lawsuit and legal process. Acting in good faith, upon the hostile assertion of right by the true owner of the paramount title, he may yield possession or purchase the outstanding title from the adverse claimant. This, according to all the modern authorities, will amount to an eviction and establish a breach of the covenant of general warranty.—*Oliver v. Bush, supra.*

Plaintiff and its predecessors in interest are now, and at all times since defendant entered into his covenant have been, in the undisputed constructive possession of an undivided interest in the land. It is said for defendant that this has not amounted to a possession, actual or constructive, of the outstanding interest, and

[Musgrove v. Cordova Coal, Land & Improvement Co.]

therefore that as respects that interest there has been no eviction, actual or constructive. But if plaintiff had been in actual possession, it could not be ousted because of the unity of possession by which estates in common are held. Nevertheless the outstanding title might have been asserted against plaintiff in a judicial proceeding, and this would have been the equivalent of an eviction. Now plaintiff bargained for possession of the entire fee, and the rule of reason and authority is that where there has been no actual possession, or where dispossession of the covenantee is impossible, as in the case at bar, or in case the vendee has been prevented from taking possession by an adverse holding at the date of the conveyance, in order to make the covenant of warranty effectual according to the intention of the parties, the vendor shall be estopped to deny that actual possession has been conveyed when such possession is necessary to enable the vendee to assert his covenant against the vendor—otherwise the covenant would be wholly inoperative.—*Green v. Irving, supra;* Rawle on Cov., § 153.

(3) The only other point made against the proceedings below is that the identify of a deed executed by one Watson, which stood in the chain of title between defendant and plaintiff, should have been submitted to the jury as a question of fact. The original of this deed had been lost, and by agreement the original record of it in the office of the judge of probate was used in evidence. We have before us a photographic copy of the record. The first initial of the grantor's subscription to the deed as it appears of record, considered apart from the rest of the recorded instrument, would most likely, be taken for J. But it is not at all impossible to read it as T. In the body of the deed grantor's name is clearly written as T. H. Watson. The notary

by whom the acknowledgment was taken certified that T. H. Watson, known to him, acknowledged, etc. About the name as written in the body of the deed and in the acknowledgment there can be no doubt. In these circumstances we suppose the court would have been justified in treating the J. in the signature, if taken as J., as a clerical misprision in the record. Anyhow, in view of the certificate, the variance, if variance there was, did not avoid the deed.—13 Cyc. 554.

There is no error in the record.

Affirmed.

McCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.