(133 So. 906)

## KEEL v. IKARD.

### 8 Div. 234.

Supreme Court of Alabama.

April 16, 1931.

Cooper & Cooper, of Huntsville, for appellant.

Edd Ikard, of Huntsville, pro se.

BOULDIN, J.

Count 1 of the complaint, for breach of warranty in a deed, after describing the lands conveyed, proceeds:

"* * * Which the Defendant warranted to be free from any encumbrance thereon, except a mortgage thereon for Six Thousand ($6,000.00) Dollars, upon the lands conveyed, and other lands, when, in fact, the said mortgage for Six Thousand ($6,000.00) dollars, did not embrace any other lands, than those conveyed.

"And the Plaintiff avers that by reason of said breach, the said lands so conveyed to him, were totally lost by the foreclosure of the said mortgage, all to his damage aforesaid."

 Plaintiff's deed involved, by apt words of "grant, bargain, sell and convey," the deed of date of October 29, 1919, conveyed 100 acres of land (one tract of 80 acres, and one of 20 acres) for a consideration of $10,000, payable $2,500 cash, $2,500 on or before January 1, 1920, and $5,000 January, 1922, with interest, evidenced by purchase-money note and mortgage.

The habendum clause of the deed reads: "To have and to hold said real estate with all the rights, tenements and appurtenances thereunto belonging or in anywise appertaining thereupon the said Sebourn Keel, Jr., his heirs and assigns forever; and the said Edd Ikard and Emma Ikard for themselves, their heirs, executors and does hereby and in consideration of the premises will forever defend the title to the above described and hereby granted premises unto the said Sebourn Keel, Jr., his heirs and assigns from and against the claims and demands of all persons whomsoever, and that the said lands are free from incumbrances, excepting a certain mortgage of six thousand ($6,000.00) dollars which is secured by these lands and other lands due and payable January 1922."

Whether the clause as to "other lands" can be classed as a distinct warranty we need not consider. If so, there was no breach as alleged. Without dispute the mortgage did include other lands at the time this deed was made, and indeed at the time of the foreclosure, but some of the other mortgaged lands had then been released from the mortgage.

Count No. 2, an attempt to state a case in tort for deceit, whether it state a cause of action or not, finds no support in the evidence. No deceit or misrepresentation as an inducement to the transaction, the acceptance of the deed, is shown nor claimed.

Whatever claim, if any, is held by plaintiff or his vendees, is in assumpsit, grows out of the covenant in the deed.

The general warranty above set out is in legal effect a covenant for quiet enjoyment, "an assurance against the consequences of a defective title, or of any disturbance in the enjoyment of the land conveyed," which means the full title and estate the deed purports to grant, and, of consequence, is a covenant against disturbance by any incumbrancer. It runs with the land, is breached only when quiet enjoyment is disturbed, and the cause of action is in the owner at that time. Caldwell v. Kirkpatrick, 6 Ala. 60, 41 Am. Dec. 36; Musgrove v. Cordova, etc., 191 Ala. 419, 67 So. 582; Prestwood v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am. St. Rep. 136; Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Oliver v. Bush, 125 Ala. 534, 27 So. 923; 15 C. J. p. 1236, § 47.

There is added conjunctively a covenant against incumbrances, from which the mortgage is excepted.

Does this except the mortgage from covenant of quiet enjoyment, or merely limit the covenants of the deed so far as this mortgage is concerned to one for quiet enjoyment?

Does the deed convey, subject to the mortgage, a mere equity of redemption, or does it purport to convey an absolute title, and covenant to protect the vendee against any ouster under the mortgage?

These questions are not presented for decision, but suffice to indicate that the duties of the grantor are contractual, and any failure to protect his grantee or assigns against the mortgage grows out of covenants and not deceit.

It follows the trial court did not err in giving the affirmative charge for defendant.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.