169 So. 310

### CUMMINGS v. ALEXANDER et al.

### 2 Div. 85.

Supreme Court of Alabama.

June 30, 1936.

A. W. Stewart, of Marion, for appellant.

Keeton Arnett, of Selma, for appellees.

BOULDIN, Justice.

A mortgagor of real estate sold and conveyed a portion of the mortgaged premises, all excepting one described eighty acres, which was retained.

The purchaser, as part consideration, assumed the payment of the entire mortgage debt, according to the terms of the mortgage. By separate written instrument, but contemporaneous with and part of the same transaction, the purchaser covenanted or obligated himself, within five years from date, to have this 80 acres released from the mortgage and "not to allow said mortgage to be foreclosed or the title of W. B. Alexander (the mortgagor) in said lands foreclosed for the payment of said mortgage or the debt thereby secured."

Thereafter W. B. Alexander died, testate, leaving a surviving widow, Ella B. Alexander, and Lila Mae Stroud, sole heir at law, who were named executrixes of the will. The will was duly probated and letters testamentary issued to them.

Thereafter, by regular proceedings in the probate court, this 80-acre tract, the only real estate owned by decedent at the time of his death, and less in area and value than the homestead allowed to the widow, was duly set apart to the widow in lieu of the homestead under Code, § 7919, and the title decreed to be vested in her absolutely.

Thereafter, Cummings, the purchaser aforesaid, breached his contract to pay off the mortgage according to its terms, and to protect the title to this 80 acres against foreclosure. Thereupon, the mortgage was foreclosed by the holder thereof, and this 80 acres lost to the widow.

The present suit was brought to recover damages for the breach of the contract or covenant aforesaid. The complaint sufficiently sets out the cause of action in substance and effect. Demurrers challenging the complaint on that point were overruled without error.

The action was brought in the name of the executrixes. By certain pleas the defendant challenged the right of the executrixes to bring the action. The trial court sustained demurrers thereto, and permitted the suit to proceed to judgment on behalf of the executrixes. The appeal presents for review this question: Was the covenant to protect the title to this land against the outstanding mortgage a personal covenant running to decedent, or was it a covenant running with the land, the right of action being in the widow, Ella B. Alexander, the owner at the time of the breach?

Appellees rely upon the principle of law thus stated in Deason v. Findley et al., 145 Ala. 407, 408, 40 So. 220: "It is not sufficient that the covenant is concerning land, but to make it run with the land there must be a privity of estate between the covenanting parties, and the covenant must have relation to an interest created or conveyed, in order that the covenant may pass to the grantee of the covenantee. 8 Am. & Eng.Ency.Law, 147; Web v. Russell, (England) 3 T.R. 393."

The law of Alabama thus declared is in accord with the authorities generally in this country and in England. 15 C.J. 1242.

This rule was applied in the early case of Allen, Adm'r, v. Greene, 19 Ala. 34, 41, where it was said: "Where the obligor has no title, and the bond shows that he is to procure the title from another and to convey to the obligee, and the obligor never obtains the title, nor procures a conveyance of the title to the obligee, the heir cannot take the land by descent, nor sue

12

in his own name for a breach of the condition, whether that breach happened before or after the death of the ancestor."

We are not impressed with the argument that such rule has application here.

In considering the question of privity between covenantor and covenantee as touching this 80 acres, we look to the entire transaction of which this covenant was a part.

The entire tract of land was of the subject-matter of the transaction. The purchaser, by acquiring the mortgagor's equity of redemption in part of the tract, succeeded to the mortgagor's right to pay off the mortgage in full, by which the defeasible title of the mortgagee should terminate and the equity of redemption in the 80 acres become the complete title in him who should own the equity of redemption at such future date. This was the essence of the covenant here sued upon. It was in the nature of a covenant of quiet enjoyment of lands in the possession of the covenantee, a covenant, which, by the nature of the transaction, brought the covenantor into such privity with both mortgagor and mortgagee that the meeting of his contractual obligations would effectuate the purposes of the covenant.

By its terms the obligation ran in futuro. It concerned the state of the title to the land itself, and of its quiet enjoyment at all future times as against the outstanding mortgage. Covenants of warranty and of quiet enjoyment run with the land. 5 Alabama Digest p. 647, ☞65 and 67.

Upon conveyance of a part of a tract of land, or of an easement therein, a covenant in the deed, or by separate instrument, calling for betterments which enhance the value of the remaining lands of the grantor runs with the land. Gilmer v. Mobile & Montgomery Railway Co., 79 Ala. 569, 58 Am.Rep. 623; Mobile & Montgomery Railway Co. v. Gilmer, 85 Ala. 422, 5 So. 138.

Likewise, restrictive covenants in conveyances of parcels tending to enhance the values of the remaining lands run with said lands for the protection of the future owners who take with knowledge of same. Virgin et al. v. Garrett, post, p. 34, 169 So. 711; McMahon v. Williams, 79 Ala. 288, 291.

We must, therefore, hold the covenant here involved ran with this 80 acres of land, and the right of action was in the owner who suffered the loss at the time of and as a result of the breach.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.