181 So. 111

**YOUNGERMAN–REYNOLDS HARDWOOD
CO., Inc., v. HICKS et al.**

3 Div. 242.

Supreme Court of Alabama.

April 14, 1938.

Rehearing Denied May 19, 1938.

H. E. Gipson & Son, of Prattville, and
Ball & Ball, of Montgomery, for appellant.

Douglas Booth and John A. Dickinson, both of Prattville, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

THOMAS, Justice.

The case was tried on counts for breach of covenant in conveyance of standing timber.

In amended count A damages were claimed for the breach of covenant of seisin, concluding that, "at the time of said conveyance said defendants did not own the title or right in and to said part of said timber hereinabove described * * *"; and count B concludes, "defendants at the time of said conveyance were not in possession of the part of said timber as hereinabove described and *did not put* plaintiff in possession of said timber. * * *"

■ Such counts for covenant of seisin failed to claim any damages for breach of (1) covenant against encumbrance, or (2) covenant for future enjoyment.

In Garner et al. v. Morris, 187 Ala. 658, 663, 65 So. 1000, 1002, it is declared:

" 'In declaring a breach on a covenant of seisin, or of good right to convey, all that is necessary is to negative the words of the covenant generally; but, as we have seen, this is not sufficient in declaring on the covenants for quiet enjoyment and of warranty of title.' Prestwood v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am.St.Rep. 136; Copeland v. McAdory, 100 Ala. [553] 559, 13 So. 545.

" 'Assignment of breach of covenant of seisin need not specify in what respect the title was defective. It is sufficient to show that the defendant had no title or right to convey at the time of making the deed.' 5 Am. & Eng. Ency. of Pl. & Pr. p. 374, par. 4."

It follows that a grantee is not allowed to recover for breach of seisin, if he is the owner of and in possession of the land at the time the conveyance was executed and delivered.

■ It may be said at this juncture that if a deed is prepared by the covenantee and it contains mutual mistake in the description, this is a defense to an action at law on

the covenant, and it is not necessary to first reform the deed.

In Prestwood v. Carlton, 162 Ala. 327, 339, 50 So. 254, 259, it is observed: "If the mistake in the description of the lands intended to be conveyed was due to the mutual mistake of both parties thereto, there would be no breach of covenant for want of title as to the lands described in the lease by mutual mistake; that is to say, covenants would not be broken by reason of such mistake. Tyson, C. J., speaking of this question in the case of Pinckard v. American Mortgage Co., 143 Ala. [568] 571, 39 So. 350, said: 'If the parcel of land was put into the deed by mutual mistake of the parties, the covenants were not broken so as to be actionable by the lessor when the error of description was the result of his own fault.'"

It is further held that when the grantee's agent or attorney, without specific instructions from grantor, prepares the conveyance, the rule of construction that obtains is that the instrument is taken most strongly against the party preparing or having the deed prepared. Such are the authorities on which the text is prepared in 6 R.C.L., p. 854, "Contracts," § 242; 13 Corpus Juris, p. 545, § 516.

On this phase of the case, we may observe that the evidence supports the finding of a mutual mistake in the description of the land as to the small tract made the subject of the suit. Such contingency was sought to be guarded against by the respective parties, by the incorporation in the deed of the words: "* * * All of the timber of the kinds and sizes hereinabove specified owned by the undersigned in Autauga County, Alabama, which lie south of the said State Highway and East of the original Vernon and Kingston public road in Section 29, 30, 31 and 32 in Township 17, Range 15, East, in Section 23, Township 17, Range 14, East and in Section 5, Township 16, Range 15, East, *whether the said land be correctly described hereinabove or not.*" (Italics supplied.)

That is to say, the conveyance executed and delivered by the parties, drawn as it was by the agent or attorney of the grantee, was a construction of the conveyance in its equivocal clause on which this suit is based.

In H. Weston Lumber Co. v. Lacey Lumber Co., 123 Miss. 208, 85 So. 193, 10 A.L.R. 436, 441 the same rule is announced from the general authorities cited. It was held that the covenant of seisin in a general warranty deed does not embrace a title already vested in the vendee, but only extends to and is broken only by a paramount title existing in a third party. Fitch v. Baldwin, 17 Johns., N.Y., 161; Horrigan v. Rice, 39 Minn. 49, 38 N.W. 765; Furness v. Williams, 11 Ill. 229; 15 Corpus Juris, p. 1282, § 137.

Such are the decisions on this phase of the case—if this question is reached for consideration. We, therefore, proceed to a consideration of the general affirmative charge duly requested and given defendants.

It is a rule of law that pleas are construed in connection with the facts in the complaint to which the plea is an answer or an avoidance. Jones et al. v. State, to Use, 100 Ala. 209, 14 So. 115. The plea before us was not defective for failure to contain the allegation that the defendants did not own said tract of land and timber on which suit is based.

The intention clause set up from the deed in that plea indicates the probability of mistake in the description employed of the parcels of land conveyed, and to avoid this the deed included the clause to the effect of conveying all and only the timber on lands of defendant described and located *between specified local boundaries and roads*, "whether the said lands be correctly described hereinabove or not." Pendrey v. Godwin et al., 188 Ala. 565, 66 So. 43; Id., 175 Ala. 405, 57 So. 724. In the last-cited case as reported in 188 Ala. 565, 66 So. 43, it is said:

"Ordinarily a grantee is not estopped by the recitals in his deed, but, when the recital shows that the object of the parties to the deed was to make 'the matter recited a *fixed fact*,' then such recital binds all the parties to the deed, and as to them and their privies the matter recited becomes a 'fixed fact.' Hays v. Askew, 50 N.C. 63. * * *

"By that deed J. P. Pendrey also showed clearly his intention, in so far as he was able to do so, to *correctly* describe the lands comprised in the three places by *government numbers*. To hedge against any error in said government numbers, the said J. P. Pendrey, evidently then expecting an early death, provided that, if such government description so given 'be erroneous, I hereby authorize my executors to convey the above places to said S. J. Pendrey by a proper description, etc.'" See, also, Kyle v. McKenzie, 94 Ala. 236, 10 So. 654.

Adverting to the pleadings and answers to the several counts of the complaint, the defendants say:

"For further answer to the complaint defendants aver that the deed alleged in the complaint contained the following words following the description alleged in the complaint, to-wit:

" 'It being the intention, hereof to convey all of the timber of the kinds and sizes here-inabove specified on all land owned by the undersigned in Autauga County, Alabama which lie east of the original Vernon and Kingston road and south of Autaugaville & Booth road and north of the State Highway leading from Prattville to Selma, and all of the timber of the kinds and sizes here-in above specified owned by the undersigned in Autauga County, Alabama, which lie south of said State Highway and east of the original Vernon & Kingston public road in section 29, 30, 31 and 32 in township 17, range 14, east, in section 23, township 17, range 14, east and in section 5, township 16, range 15, east, whether the said land be correctly described hereinaboye or not.'

"And defendants aver that the north half of the northwest quarter of the northwest quarter of section 31, township 17, range 15, were not part of said land owned by the said grantors as specified therein.

"And defendants aver that said north half of the northwest quarter of the northwest quarter of section 31, township 17, range 15, was not correctly described in said deed.

"And defendants aver that at said time they were the owners of the north half of the northeast quarter of the northwest quarter of section 31, township 17, range 15.

"And defendants further aver that the description in said deed of the north half of the northwest quarter of the northwest quarter of section 31, township 17, range 15, was in error and was an incorrect description of the north half of the northeast quarter of the northwest quarter of section 31, township 17, range 15.

" * * * Which said error was through mutual mistake of the parties to said deed.

"And defendants further aver that at said time the plaintiff's predecessor in title towit: G. C. Youngerman Lumber Company was the owner of the timber or timber rights on the north half of the northwest quarter of the northwest quarter of section 31, township 17, range 15."

The complaint did not set out the contract and conveyance in haec verba nor in its legal effect. In certain important respects and clauses this was omitted. This is brought forward by plea 3. The court is invoked to a construction, as a matter of law, on passing on the sufficiency of the plea as answer to the several courts of the complaint, and in the giving of the general affirmative charge for the defendants.

Such are the pleadings, and the right construction to be given the conveyance before us in the expressed intention of the parties. To avoid doubt as to the intention, as it couched the subject matter, and to remove any doubt or ambiguity of correctness of the government numbers and descriptions employed, the parties interpret their ambiguous words or incorrect descriptions, by specifically declaring that their intention was (1) to convey and to (2) warrant the conveyance only to the lands and timber owned by grantees between designated boundaries, and these lands were not included.

The plea, construed in the light of the complaint, shows that grantors did not own, sell, convey, or warrant their right to convey the 20 acres of land or timber on which suit is based. The plea was in answer to the complaint. The plaintiff introduced the deed with the intention clause. This supported and tended to prove the pleas; and with the other uncontroverted evidence showed this particular tract of land was without such designated road and highway boundaries. Thus defendants established the defense set up by the pleas in bar of a recovery under either count of the complaint.

The general affirmative charge was properly given for defendants.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.