16 So.2d 329

**BLAUM v. MAY.**

4 Div. 321.

Supreme Court of Alabama.

Jan. 13, 1944.

W. L. Lee and Alto V. Lee, III, both of Dothan, for the petition.

Tompkins & Ramsey, of Dothan, opposed.

THOMAS, Justice.

This is a petition for certiorari to review the decision of the Court of Appeals.

The decision is rested on the case of Prestwood et al. v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am.St.Rep. 136, where the rule that obtains as to such suit is stated. On the second appeal to this court [Prestwood v. McGowin, 148 Ala. 475, 41 So. 779], the rule announced on the first appeal was adhered to, as we shall indicate.

The questions of pleading in cases of this character are considered in Garner v. Morris, 187 Ala. 658, 65 So. 1000; Youngerman-Reynolds Hardwood Co. v. Hicks, 236 Ala. 138, 181 So. 111, wherein the rule as stated by the Court of Appeals was adhered to as the applicable procedure. And in Keel v. Ikard, 222 Ala. 617, 133 So. 906, 907, the early and later decisions are col-

lected together with the text book rule. It is said therein as follows: "The general warranty above set out is in legal effect a covenant for quiet enjoyment, 'an assurance against the consequences of a defective title, or of any disturbance in the enjoyment of the land conveyed,' which means the full title and estate the deed purports to grant, and, of consequence, is a covenant against disturbance by any incumbrancer. It runs with the land, is breached only when quiet enjoyment is disturbed, and the cause of action is in the owner at that time. Caldwell v. Kirkpatrick, 6 Ala. 60, 41 Am.Dec. 36; Musgrove v. Cordova, etc., Co., 191 Ala. 419, 67 So. 582; Prestwood v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am.St.Rep. 136; Copeland v. McAdory, 100 Ala. 553, 13 So. 545; Oliver v. Bush, 125 Ala. 534, 27 So. 923; 15 C.J. p. 1236, § 47."

The contention of appellant, petitioner, is stated by the Court of Appeals.

■ Did the trial court err in overruling demurrer to the count claiming damages, etc. The Court of Appeals has answered in the negative, holding that the breach of the covenant for quiet enjoyment of warranty of title and for further assurances held to be prospective in their character run with the land "and are not broken until eviction."

■ Did this covenant that was broken (conveyance as to the lien of the City of Dothan) run with the land, on which an heir or assignee of the grantees, their heirs or assigns, may sue, if the enforcement of the lien or eviction is sought during their holding or possession?

The facts on which the trial was had are contained in Count 1 and its exhibits.

We are in accord with the Court of Appeals that, (1) this was a covenant running with the land and it was that grantors were lawfully seized in fee to the premises in question; (2) it was free of all encumbrances and they had the right to sell and convey to Hillman, his heirs and assigns, and (3) that grantors would warrant and defend the premises against the claims and demands of all persons. The claim and demand that was asserted was against May, a remote assignee of Hillman, and from his heirs, and here asserted by May in his behalf and for his grantee Jeanette Poyner to whom he had sold a portion of said land.

The pleading of petitioner shows the superior lien of the City of Dothan that existed upon the land at the time of the conveyance to Hillman, and that the breach of the covenant occurred by way of the enforcement of the lien while the lands were held by complainant May and his grantee Poyner.

Many cases are collected in Patterson v. Atlantic Coast Line R. Co., 202 Ala. 583, 589, 81 So. 85, touching several of the covenants that run with land. See also Polauf v. Etzel, 237 Ala. 663, 665, 188 So. 909; Lewis v. Owen, 231 Ala. 480, 165 So. 229; MacMahon v. Baumhauer, 234 Ala. 482, 175 So. 299.

Petitioner cites the case of Deason v. Findley et al., 145 Ala. 407, 40 So. 220, to the effect that: "* * * Covenant of quiet enjoyment and of warranty runs with the land into the hands of the assignee and heirs, and may be sued upon by the heir or assignee who is in possession when the breach occurs. 'But, in order that a covenant may run with the land to assignees, the grantee must by the conveyance acquire the actual or constructive seisin.' Tiedman on Real Property, §§ 855, 860. It is not sufficient that the covenant is concerning land, but to make it run with the land there must be a privity of estate between the covenanting parties, and the covenant must have relation to an interest created or conveyed, in order that the covenant may pass to the grantee * * *. 8 Am. & Eng. Ency. Law, 147; Web v. Russell, (England) 3 T.R. 393. In order to entitle one to recover on a covenant of warranty of a remote vendor, the plaintiff must show that he holds title by privity with the immediate covenantor of such remote vendor. 5 Ency. Pl. & Pr. 357, and note; Pool v. Morris [29 Ga. 374], 74 Am. Dec. 68; Mygatt v. Coe, [124 N.Y. 212] 26 N.E. 611, 11 L.R.A. 646; Beardsley v. Knight, 4 Vt. 471."

This rule as to covenants of warranty and quiet enjoyment running with the land was reaffirmed in Cummings v. Alexander, 233 Ala. 10, 169 So. 310, 311, wherein it was said that: "The law of Alabama thus declared is in accord with the authorities generally in this country and in England." 15 Corpus Juris, 1242; 21 C.J.S., Covenants, § 58; 118 A.L.R. 983, Note.

Petitioner urges that Pinckard v. American Freehold Land Mortgage Co., 143 Ala. 568, 39 So. 350, 351, supports his view.

In said case it is observed: "Pinckard's right or title to the damages, which had already accrued to Leftwich, is predicated solely upon his acquisition of Leftwich's equity of redemption in the land under the deed executed by Leftwich to him. Did Leftwich's right of action for a breach of covenant pass by that conveyance? If it did not, then Pinckard was not entitled to any relief under his cross-bill, and it was properly dismissed. This point was decided in Prestwood v. McGowin, 128 Ala. 267, 29 So. 386, 86 Am.St.Rep. 136. It was there held, and, we think, correctly, that 'Covenants may run with the land, but damages arising from broken covenants do not; nor do they inure to subsequent grantees of the title.' In addition to the authorities there cited, see 1 Cyc., p. 1097, and cases cited in note 46."

This is not the case for decision here. In that case the deed contained a mutual mistake as to the description of the land. Youngerman-Reynolds Hardware Co. v. Hicks, 236 Ala. 138, 181 So. 111. In the instant case the superior claim or lien of the City of Dothan was declared upon the land and decreed to be enforced against the plaintiff, respondent in petition here, and his grantee.

We have tried to give attention to the argument and authorities cited by petitioner, but we find no error in the opinion of the Court of Appeals, being in accord with the judgment announced by said court.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.