In the Matter of Morris C. BLACK, Bobbye H. Black, Debtors.

No. 99–81705–JAC–11.

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Dec. 17, 2001.

Zach Higgs, Higgs & Emerson, Huntsville, AL, for debtor.

John Baggette, Jr., Eyster, Key, Tubb, Weaver & Roth, LLP, Decatur, AL, for Estate of Dorothy Christensen.

Phil Mitchell, Edwards, Mitchell & Reeves, Decatur, AL, for Bingham Edwards.

## ORDER

JACK CADDELL, Bankruptcy Judge.

The dispute before the Court involves a civil action pending since 1994 in the Circuit Court of Limestone County, Alabama in which the reorganized debtors (hereinafter the "Blacks") are pursuing claims for breach of warranty of title and fraud against the Estate of Dorothy D. Christensen (hereinafter the "Christensen estate"). The Blacks are in the business of buying, developing and selling real estate. On March 9, 1989, the Blacks purchased approximately 123 acres of land located on the Tennessee River in Limestone County, Alabama for $1,125,000.00 from James and Dorothy Christensen, both now deceased. On October 19, 1994, Mrs. Christensen

initiated a civil action styled *Dorothy D. Christensen v. Morris C. Black, Jr. and Bobbye J. Black,* Case No. CV 94–449 in the Circuit Court of Limestone County, Alabama to collect on a $450,000.00 promissory note executed by the debtors in partial payment of the total purchase price and to establish a vendor's lien against the property. On December 23, 1994, the Blacks filed a counterclaim against Mrs. Christensen for breach of the warranty contained in the deed executed on September 25, 1989 from them to the debtors for failure to convey good and merchantable title to two acres.

On May 14, 1999, the debtors filed for relief under Chapter 11 of the Bankruptcy Code and listed Mrs. Christensen as an unsecured creditor with a claim in the amount of $450,000.00. The petition stayed the civil action.

On October 8, 1999, Mrs. Christensen filed a proof of claim in the amount of $1,025,161.64. The debtors did not object to the proof of claim. On October 14, 1999, Christensen filed an adversary proceeding to determine the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2),(4) and (6) and to deny the Blacks' discharge pursuant to 11 U.S.C. § 727(a)(2).[1]

On May 3, 2000, the Court entered an order confirming the debtors' second amended plan of reorganization. The plan, as confirmed, placed the Christensen claim in class 10 as a general unsecured claim. Pursuant to the plan, class 10 claimants are entitled to receive deferred cash payments of $500,000.00 in satisfaction of all prepetition claims. The Christensen estate will receive approximately half of the class 10 distribution.

The Court entered a final decree on June 22, 2000 closing the case. On June 7,

2000, the Court entered an order dismissing the adversary proceeding because debtors' confirmed plan provided for the Christensen claim.

On October 2, 2000, the Blacks filed a motion to enforce the plan to require the Christensen estate to dismiss the state court action with prejudice and satisfy the lis pendens filed on October 19, 1994 by Mrs. Christensen against the entire property. On October 27, 2000, the Court entered an order requiring the estate to dismiss the state court action, with prejudice, and to withdraw and satisfy any and all notices of lis pendens related to the state court action. The ordered provided in part:

> ORDERED, ADJUDGED and DE-CREED that any and all claims, liens and interests of the Christensen Estate against the Debtors asserted in or related to that certain cause of action styled *Dorothy D. Christensen v. Morris C. Black, Jr. and Bobbye J. Black et al.,* Civil Action No. CV 94–449, pending in the Circuit Court of Limestone County, Alabama (the "State Court Action") were satisfied and discharged by the Debtors' plan of reorganization (the "Plan"), as confirmed by the order of this Court dated May 3, 2000; and it is further
>
> \*\*\*\*
>
> ORDERED, ADJUDGED and DE-CREED that based upon the discharge of the Christensen Estate's claim against the Debtors, pursuant to 11 U.S.C. § 524 the Christensen Estate is permanently enjoined from prosecuting the State Court Action and the claims asserted therein; and it is further
>
> ORDERED, ADJUDGED and DE-CREED that based upon the discharge of the Christensen Estate's claim

---

1. Christensen did not pursue the § 727 count    as its was obviously inapplicable.

against the Debtors, pursuant to 11 U.S.C. § 524 the Christensen Estate is permanently enjoined from commencing or continuing any other claim or cause of action based on, related to or derivative of the claims asserted in the State Court Action ...

On February 15, 2001, with the consent of the Christensen estate, the state court entered an order dismissing all claims, counterclaims, and crossclaims asserted by the estate. However, the debtors' counterclaim for breach of warranty of title is still pending because the confirmed plan retained the debtors' right to pursue all prepetition causes of action.

On July 23, 2001, the debtors filed a motion to amend their counterclaim to allege the Christensens committed fraud by representing that they held good and merchantable title to the entire 123 acres. The debtors allege that as a result of this fraud, they suffered lost profits, loss of use of the property, increased development expenses, decreased property value, as well as mental pain and anguish. The Blacks seek damages in the amount of five million dollars.

Crossplaintiffs, Bingham D. Edwards, Esq., and Elizabeth W. Edwards, also claim damages against the Christensen estate in the civil action for the alleged breach of warranties in the warranty deed executed by the Christensens in favor of the debtors. On June 30, 2000, the debtors assigned all their right, title and interest in their breach of warranty counterclaim to the Edwards with regard to Lot 1 in the subdivision. On January 26, 2001, the debtors assigned the same rights to the Edwards with regards to lots 2 and 3. The Edwards do not assert a claim of fraud against the Christensen estate.

On August 7, 2001, the Christensen estate filed a motion in the state court for permission to assert the defenses of setoff and recoupment against the debtors and the Edwards "based on the failure to pay amounts due under a promissory note and sales contracts given by the [debtors] in exchange for the sale of the property, which is now the subject matter of the [debtors'] and Edwards' claim for breach of warranties." The Blacks' confirmed plan only pays approximately $250,000.00 to the Christensen estate in deferred cash payments, but the pre-plan amount due on the sales contract and delinquent promissory note with interest and attorney fees is in excess of $1,025,161.64. Christensen attached the following itemization to her proof of claim to which the Blacks never objected:

| | |
|---|---|
| Principal due on promissory note: | $ 450,000.00 |
| 6% interest to date petition filed: | $ 125,161.64 |
| Attorney fees pursuant to note: | $ 90,000.00 |
| Lot compensation pursuant to sales contract: | $ 360,000.00. |
| Total: | $1,025,161.64 |

## ANALYSIS

**I. The Blacks' confirmed Chapter 11 plan of reorganization does not bar the Christensen estate from asserting the right of recoupment.**

Recoupment is an equitable remedy which permits the offset of mutual debts when the respective obligations are based on the same contract of transaction.[2] The Eleventh Circuit defines the equitable doctrine of recoupment as follows:

Recoupment is "[t]he right of a defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some ob-

---

**2.** *In re Telephone Warehouse, Inc.,* 259 B.R. 64, 66 (Bankr.D.Del.2001); *Cox v. Billy*

*Pounds Motors, Inc. (In re Cox),* 214 B.R. 635, 647 (Bankr.N.D.Ala.1997).

ligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of that contract."[3]

The Christensen estate asserts that it has a right to recoup any amounts owed under the promissory note to the extent any damages are awarded in favor of the debtors or the Edwards on any causes of action that were assigned to them by the Blacks against the estate based on their breach of warranty of title and fraud claims. This right of recoupment does not preclude the Edwards on any independent cause of action they may have arising out of the warranties in the chain of title to the property. The estate is not seeking an affirmative judgment for money damages. It only seeks to raise the equitable doctrine of recoupment as a defense. In *United Structures of Amer. v. G.R.G. Eng'g*, 9 F.3d 996, 999 (1st Cir.1993), the court explained that recoupment is "in the nature of a defense and is intended to permit ... judgment to be rendered that does justice in view of the one transaction as a whole ... allowing the creditor to recoup damages simply allows the debtor precisely what is due when viewing the transaction as a whole."

■■■ To assert a right of recoupment it is essential that the parties respective obligations arise from the same transaction.[4] Recoupment differs from setoff which requires mutual obligations arising from separate transactions. The difference is important because § 553 of the Bankruptcy Code places certain limitations on a creditor's right to assert setoff, whereas there is no comparable provision that limits a creditor's right to assert recoupment.[5] Unfortunately, there is no general standard governing whether respective obligations are part of the same transaction.[6] Instead, courts have focused on the facts and the equities of each case.[7] The facts and equities of this case require the Court to find that the respective obligations of the parties arise from the same transaction in that the debtors gave the promissory note in exchange for the property on which the Blacks and Edwards seek a judgment for breach of warranty of title and fraud.

■■■ The Blacks and Edwards argue that recoupment does not apply to Chapter 11 cases. Alternatively, they contend that the Christensen estate waived its right of recoupment pursuant to 11 U.S.C. § 1141(c) by failing to assert same prior to confirmation. The Court disagrees and finds that the estate is entitled to assert the right of recoupment in the state court action. The majority of the courts that have addressed this issue have held that a confirmed Chapter 11 plan is not a *per se* bar to a creditor's right of recoupment.[8] Section 1141 of the Bankruptcy Code states in part and subject to certain exceptions not relevant herein:

3. *Smith v. American Fin. Systems, Inc. (In re Smith)*, 737 F.2d 1549, 1552 (11th Cir.1984).

4. *A & C Elec. Co., Inc. v. Meade Elec. Co., Inc. (In re A & C Elec.)*, 211 B.R. 268, 272 (Bankr. N.D.Ill.1997).

5. *Id.; In re Cox*, 214 B.R. at 647.

6. *Kosadnar v. Metropolitan Life Ins. (In re Kosadnar)*, 157 F.3d 1011, 1014 (5th Cir. 1998).

7. *Id.*

8. *In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3rd Cir.1995) (citing *In re Rooster, Inc.*, 127 B.R. 560 (Bankr.E.D.Pa.1991)); *In re Maine*, 32 B.R. 452, 453 (Bankr.W.D.N.Y.1983); *In re De Laurentiis Entm't Group, Inc.* 963 F.2d 1269, 1271 (9th Cir.1992); *In re Ford*, 35 B.R. 277 (Bankr.N.D.Ga.1983).

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor ... and any creditor ... whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor ... has accepted the plan.

\*\*\*\*

(c) Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

In *A & C Elec. Co., Inc. v. Meade Elec. Co., Inc. (In re A & C Elec.)*, 211 B.R. 268 (Bankr.N.D.Ill.1997), the court held that a creditor's participation in a Chapter 11 case did not preclude it from recovery under the doctrine of recoupment even though the creditor did not assert the defense during the case. The court stated that "[t]he right of recoupment is unaffected by a discharge in bankruptcy and gives priority over other creditor's claims."[9] Nothing in the Bankruptcy Code requires a creditor to raise its right to recoupment.[10]

The Third Circuit Court of Appeals in *In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3rd Cir.1995), held that § 1141(c) is not a *per se* bar to post-confirmation recoupment. The creditor, a commercial tenant, undertook the debtor's lease obligation to repair and maintain the premises in reliance on the lease terms that allowed the tenant to reduce its rent if the tenant cured the lessor's default on its obligations to maintain the premises. The Third Circuit held that to allow the debtor to receive rent without compensating the creditor for undertaking the repairs would be inequitable.

The creditor diligently pursued its claim against the debtor despite the creditor's failure to appeal the confirmed plan. Prior to confirmation, debtor rejected the creditor lease. The creditor filed an adversary proceeding to recoup the repairs. The bankruptcy court entered judgment in favor of the debtor and the creditor appealed. While the appeal was pending, the debtor's Chapter 11 plan was confirmed. Although it would have been better to appeal the plan or seek a stay pending appeal, the Third Circuit found the unique circumstances of the case entitled the creditor to assert its right of recoupment.

As in *Flagstaff*, the Christensen estate was not obligated to object or appeal the debtor's plan to assert its right of recoupment. The estate diligently pursued its claim against the debtors despite its failure to appeal the confirmation order. When the Court entered the confirmation order, dated May 3, 2000, the creditor's complaint under § 523(a)(2), (4) and (6) was still pending. Subsequently on June 7, 2000, the Court dismissed the complaint because the confirmed plan satisfied the Christensen claim which eventually led to the dismissal of the estate's claims for affirmative relief against the debtors in state court. However, the debtors reserved the right to maintain their cause of action in state court against the estate. Under the unique circumstances of this case, the Court finds that it would be inherently inequitable to allow the debtors to obtain a money judgment against the estate for breach of warranty of title and fraud without allowing the estate to recoup the amounts originally due under the

---

**9.** *Id.* at 272.

**10.** *Id.* at 274.

terms of the promissory note less any amounts to be paid through the plan.

## II. SETOFF

■ Alternatively, the Court finds that the Blacks' confirmed plan does not bar the Christensen estate from asserting the right of setoff. Setoff is a right of a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of a transaction which is different from that on which plaintiff's claim is based. Section 553(a) of the Bankruptcy Code preserves a creditor's right of setoff where it exists under applicable non-bankruptcy law.[11] To establish a claim for setoff, the creditor must demonstrate that: (1) the debt owed by creditor to the debtor arose prior to commencement of the bankruptcy case; (2) the claim of creditor against debtor arose prior to commencement of the bankruptcy case; and (3) the debt and claim are mutual or reciprocal obligations.[12]

The Blacks argue that the Christensen estate waived its right of setoff pursuant to 11 U.S.C. § 1141(c) by failing to assert same prior to confirmation. Section 1141 of the Bankruptcy Code provides for the discharge of prepetition debts and provides that any assets retained by the debtor under the confirmed plan are free and clear of any prepetition debts. However, the plain language of § 553(a) states "[e]xcept as otherwise provided in this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset . . ."

In *In re De Laurentiis Entm't Group, Inc.*, 963 F.2d 1269 (9th Cir.1992), the Ninth Circuit considered the tension between §§ 553 and 1141 and held that a television network had a right to setoff its $1.6 million quantum meruit claim against the $1.25 million dollars it owed the Chapter 11 debtor, even after confirmation of the debtor's plan discharging all prepetition debts not provided for in the plan. After analyzing the two code sections, the court of appeals concluded that § 553 must take precedence over § 1141, otherwise § 553 would essentially be a nullity. As the court stated:

> We conclude that section 553 must take precedent over 1141. In reaching this conclusion, we rely not only on the foregoing persuasive authority, but also on the language and structure of section 553 and the policies which underlie it. Section 553 provides that, with listed exceptions not relevant here, "this title does not affect the right of any creditor to offset a mutual debt. . . ." This language not only establishes a right to setoffs in bankruptcy, subject to enumerated exceptions, but seems intended to control notwithstanding any other provision of the Bankruptcy Code. To give section 1141 precedence would be to ignore this language.[13]

Based upon the foregoing, the Court finds that the estate is entitled to assert setoff as a defense in state court. The Blacks' confirmed plan is not a bar to setoff.

III. **The order dated October 27, 2001 required the Christensen estate to dismiss its affirmative claims against the Blacks in the state court action, but it does not limit the estate's defenses to the debtors' claims which are still pending therein.**

■ The Blacks argue that the estate is estopped from asserting recoupment and

---

**11.** *In re Patterson*, 967 F.2d 505 (11th Cir. 1992); *In re Orlinski*, 140 B.R. 600 (Bankr. S.D.Ga.1991).

**12.** *United States v. Jones*, 230 B.R. 875 (M.D.Ala.1999).

**13.** *In re DeLaurentiis*, 963 F.2d at 1276.

setoff pursuant to the order dated October 27, 2000 in which the Court permanently enjoined the estate "from commencing or continuing any other claim or cause of action based on, related to or derivative of the claims asserted in the State Court Action."

The order dated October 27, 2000 provides that "any and all claims, liens and interests of the Christensen Estate" were satisfied by the Blacks' confirmed plan and permanently enjoined the estate from pursuing same. The order does not enjoin the estate from raising affirmative defenses in the state court. The Third Circuit Court of Appeals in *Folger Adam Security, Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252 (3rd Cir.2000), had to decide whether an order authorizing the sale of accounts receivable free and clear of all liens, claims and interests resulted in the transfer of the accounts receivable free of any defense of setoff or recoupment that the account debtor might have. In *Folger*, a contractor purchased material from the debtor prepetition, but refused to pay for the material due to alleged defects and late delivery. The bankruptcy court entered an order authorizing the sale of debtor's account receivables "free and clear of all liens, mortgages, security interests, encumbrances, liabilities, claims, or other interests ..." The purchaser then sued the contractor for breach of contract. The contractor raised the defenses of setoff and recoupment, but the district court held that the term "any other interests" included setoff and recoupment.

The Third Circuit reversed finding that the creditor was entitled to raise the affirmative defenses despite the bankruptcy court order providing for the sale free and clear of "liens, mortgages, security interests, encumbrances, liabilities, claims, or any other interests." The purchaser argued that the term "other interests" included the right of recoupment or setoff and prevented same from being asserted. The court of appeals held that the term "any other interests" was limited to the same kind of interests enumerated in the sale order i.e. a lien, mortgage, security interest, encumbrances, liability or claim. The purchaser argued that a right of recoupment constitutes a claim, but the Third Circuit found that recoupment is essentially a defense. The Bankruptcy Code defines a claim as a right to payment whereas recoupment is a defense to a debtor's right to payment.[14] As stated by the Supreme Court in *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." The doctrine of recoupment is not a claim in the bankruptcy context and, thus, the order enjoining the Christensen estate from pursuing any other claim or cause of action based on the claims asserted in state court does not enjoin the Christensen estate from raising a defense that is related to the dismissed action.[15] To find otherwise would unjustly enrich the Blacks.

## IV. Breach of warranty of title.

Finally, the Court notes that a general warranty deed conveys a covenant of warranty that runs with the land on which a remote assignee may sue.[16] Any cause of action the Edwards may have based on this general principal is a dispute between

---

**14.** 11 U.S.C. § 101(5)(A).

**15.** *In re Folger*, 209 F.3d at 259.

**16.** *Chicago, Mobile Dev. Co. v. G.C. Coggin Co.*, 259 Ala. 152, 66 So.2d 151 (1953); *Blaum v. May*, 245 Ala. 156, 16 So.2d 329 (1944).

third parties over non-estate property over which this Court lacks jurisdiction.[17]

---

**17.** *Romar Int'l Ga., Inc. v. SouthTrust Bank,* 198 B.R. 401 (Bankr.M.D.Ga.1996).